[Civil No. 354.   Filed June 16, 1893.]

[33 Pac. 710.]

# THE SOUTHERN PACIFIC COMPANY, Defendant and Appellant, v. BERTHA TOMLINSON, Plaintiff and Appellee.

1. REMITTITUR—AUTHORITY TO REMIT—PLAINTIFF IN ACTIONS FOR IN-
JURIES RESULTING IN DEATH—REV. STATS. 1887, PAR. 2150, CITED
AND CONSTRUED.—Under paragraph 2150, *supra,* providing that an
action for injuries resulting in death "may be brought by all the
parties entitled thereto, or by any one or more of them for the
benefit of all," a widow has authority to bring suit for herself,
children, and parents of the deceased. The authority to bring in-
cludes also full authority to prosecute, control, and direct the suit
to its final determination. If to prevent a new trial being granted,
she may remit such portion of the damages awarded by the jury
as may be necessary to that end.

2. SAME—MOTION TO SET ASIDE VERDICT—ALLOWING REMITTITUR AS
CONDITION TO OVERRULING MOTION—DISCRETIONARY.—A trial court
has the power, where excessive damages have been allowed by the
jury, and where the motion to set aside the verdict is based upon
this ground, to make a remission a condition precedent to over-
ruling the motion. The exercise of the power rests in the sound
discretion of the court.

3. SAME—VERDICT—PASSION—MUST BE SET ASIDE—MUST CONSIDER
WHOLE CASE.—Where the verdict is the result of passion or preju-
dice, a *remittitur* should not be allowed, but the verdict should
be set aside. In passing upon this question the court should look not
alone to the amount of the damages awarded, but to the whole case.

4. NEGLIGENCE—EVIDENCE—DEATH BY WRONGFUL ACT—NEGLIGENCE AND
CONTRIBUTORY NEGLIGENCE UNDER CASE MADE QUESTIONS FOR JURY
—REV. STATS. ARIZ. 1887, PAR. 322, CITED.—Where the testimony of
plaintiff in an action for wrongful death tended strongly to show
that at the time of the accident the train which killed the deceased
was running at a high speed, without warning of its approach, as
required by paragraph 322, *supra,* through a village and across a
crossing used by deceased and other residents; that upon the north
side of the track were obstructions which concealed the train, while
upon the south side the view was open; that deceased a few minutes
before the train came went over to the north side, and was sup-
posed to have been struck when returning to the south side, which
supposition was supported by the fact that the only witness to the
train's approach saw no one step on the south side, and injuries
of deceased were upon his left side, and that the right flagstaff

on the pilot was broken off and found near deceased's body, the case is sufficient to justify the court in leaving the questions of the negligence of defendant, as well as contributory negligence on the part of deceased, to the jury.

5. SAME—CONTRIBUTORY—DUE CARE PRESUMED—BURDEN OF PROOF— LOPEZ V. CENTRAL ARIZONA MINING CO., 1 ARIZ. 464, 2 PAC. 748, FOLLOWED.—The rule in this territory, as declared by the supreme court in the case of *Lopez* v. *Central Arizona Mining Co., supra,* is, that in actions for personal injuries, where contributory negligence is relied upon as a defense, due care and caution on the part of plaintiff, in absence of proof to the contrary, will be presumed, and the burden of proving such contributory negligence rests upon the defendant. In actions for damages in injuries causing death the same rule prevails.

REVERSED.—*Southern Pacific Co.* v. *Tomlinson,* 163 U. S. 369, 41 L. Ed. 193, 16 Sup. Ct. Rep. 1171.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

W. R. Stone, and H. N. Alexander, for Appellant.

The complaint alleges that is was by no fault or negligence of Tomlinson's that the injury was caused. This is a material allegation, and must be proved as laid. In some states it is held that it is not necessary to allege or prove on the part of the plaintiff that the person injured was exercising proper care; that the defendant has the burden of proof to establish the contributory negligence, while in others the rule is, that not only must the plaintiff prove negligence on the part of the defendant, but must also prove that the person injured was without fault, to entitle him to recover,—at least, must make a *prima facie* case to entitle it to go to the jury; but where the allegation is made a material allegation in the complaint it must be proved. Weeks on Damnum Absque Injuria (p. 245) says: "In an action for injuries, where a party crossing a railroad track is injured by a collision with a train, the fault is *prima facie* his own, and he must show affirmatively that his fault or negligence did not contribute to the injury before he is entitled to recover for such injury." *Cincinnati etc. Ry. Co.* v. *Howard,* 124 Ind. 280, 19 Am. St. Rep. 96, 24

N. E. 892; *Hinkley* v. *Cape Cod Ry. Co.,* 120 Mass. 257; *Murphy* v. *Cape Cod Ry. Co.,* 45 Iowa, 661; Abbott's Trial Evidence, pp. 594, 595, 596; *Houston etc. Ry. Co.* v. *Cowser,* 57 Tex. 293. "Upon a motion to direct a verdict for the defendant, the question is whether, if a verdict were rendered for the plaintiff upon his evidence, the court would set it aside as being contrary to the evidence." *Held,* that "where the plaintiff was familiar with the crossing, and where he had a fair view of the railroad from the depot to the crossing, about seventy rods, and could have seen the track for a distance any time after approaching within six hundred feet of the crossing, it was contributory negligence for him to drive upon the track without looking for an approaching train, and he could not recover, even if the engineer was also negligent in running the train at a great and dangerous rate of speed and failing to give warning of his approach by sounding the whistle or ringing the bell." *Schofield* v. *Chicago etc. Ry. Co.,* 2 McCrary, 268, 8 Fed. 488; same case affirmed in 114 U. S. 615, 5 Sup. Ct. Rep., 1125; *Harty* v. *Central Ry. Co.,* 42 N. Y. 468; *Warner* v. *New York Central Ry. Co.,* 44 N. Y. 465; *Wilcox* v. *Rome etc. Ry. Co.,* 39 N. Y. 358, 100 Am. Dec. 440; *Indianapolis etc. R. Co.* v. *Blackman,* 63 Ill. 117; *Wichita and W. Ry. Co.* v. *Davis,* 37 Kan. 743, 1 Am. St. Rep. 275, 16 Pac. 78; *Mynning* v. *Detroit etc. Ry. Co.,* 64 Mich. 93, 8 Am. St. Rep. 804, 31 N. W. 147.

"Where in an action for negligence the plaintiff by his own showing has been guilty of negligence, a compulsory nonsuit should be granted." *Delaney* v. *Milwaukee etc. Ry. Co.,* 33 Wis. 67; *Randall* v. *Baltimore etc. Ry. Co.,* 109 U. S. 478, 3 Sup. Ct. Rep. 322; *Spicer* v. *Chesapeake etc. Ry. Co.,* 11 L. R. A. 385, 34 W. Va. 514, 12 S. E. 553; *Studley* v. *St. Paul etc. Ry. Co.,* 48 Minn. 249, 51 N. W. 115; *State* v. *Maine Central Ry. Co.,* 76 Me. 276; *Tolman* v. *Syracuse etc. Ry. Co.,* 98 N. Y. 198, 50 Am. Rep. 649; *Mynning* v. *Detroit etc. Ry. Co.,* 64 Mich. 93, 8 Am. St. Rep. 804, 31 N. W. 147, 23 Am. & Eng. R. R. Cases, 317.

"Plaintiff cannot recover for injuries from another's negligence unless he himself was using due care at the time of the injury; and the burden is on him to prove affirmatively that he used such care." *Gaynor* v. *Old Colony Ry. Co.,* 100 Mass. 308, 97 Am. Dec. 96; *New Orleans etc. R. R. Co.* v. *Statham,*

42 Miss. 607, 97 Am. Dec. 478, and note; *New Jersey Express Co.* v. *Nichols,* 33 N. J. L. 434, 97 Am. Dec. 722; *Nixon* v. *Chicago etc. Ry. Co.,* 84 Iowa, 331, 51 N. W. 157; *Haines* v. *Illinois etc. Ry. Co.,* 41 Iowa, 227; *Korrady* v. *Lake Shore etc. Ry. Co.,* 131 Ind. 261, 29 N. E. 1069; *Baltimore etc. Ry. Co.* v. *Depew,* (Ohio) 12 Am. & Eng. R. R. Cases, 64; *Union Pacific Ry. Co.* v. *Adams,* 33 Kan. 427, 6 Pac. 529, 19 Am. & Eng. R. R. Cases, 376; *McAdoo* v. *Richmond etc. Ry. Co.,* 105 N. C. 140, 11 S. E. 316, 41 Am. & Eng. R. R. Cases, 524; *Cincinnati etc. Ry. Co.* v. *Howard,* 124 Ind. 280, 19 Am. St. Rep. 96, 24 N. E. 892, 8 L. R. A. 594; *Maryland* v. *Pittsburg etc. R. R. Co.,* 123 Pa. St. 487, 10 Am. St. Rep. 541; *Memphis etc. Ry. Co.* v. *Womack,* 84 Ala. 149, 4 South. 618; *Spicer* v. *Chesapeake etc. Ry. Co.,* 34 W. Va. 514, 12 S. E. 553, 45 Am. & Eng. R. R. Cases, 28.

The plaintiff had no authority to remit anything from the verdict for the beneficiaries.

"The amount recovered in the one suit for causing the death of the husband must be apportioned by the jury among those entitled to the judgment." *Galveston etc. Ry. Co.* v. *Le Gierre,* 51 Tex. 189; *March* v. *Walker,* 48 Tex. 372; *Houston etc. Ry. Co.* v. *Bradley,* 45 Tex. 171; *East Line etc. Ry. Co.* v. *Culberson,* 68 Tex. 664, 5 S. W. 820.

The judgment is not based on the verdict of the jury, but solely on the offer of the nominal plaintiff and the consent of the court, and we contend that the verdict as presented to the court by the jury should be allowed to stand, or that if it was so excessive as to show that it was rendered under the influence of passion, prejudice, or other motive, and not sustained by the evidence, then it should have been set aside and a new trial granted; that it was error for the court to allow the nominal plaintiff to reduce and remit any portion of the verdict except the sum awarded to her by such verdict. *Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. Rep. 696; *Koeltz* v. *Bleekman,* 45 Mo. 320; *Nudd* v. *Wells,* 11 Wis. 426; *Potter* v. *Chicago etc. Ry. Co.,* 22 Wis. 586; *Goodno* v. *City of Oshkosh,* 28 Wis. 300. "It is the judgment of the jury, and not of the court, which is to determine the damages in actions for personal injuries." *Sargent* v. ———, 5 Cow. 119; *McConnell* v. *Hampton,* 12 Johns. 234.

"But if the verdict is grossly excessive and unwarranted

by the evidence, it cannot be cured by a *remittitur."* *Bell* v. *Morse,* 48 Kan. 601, 29 Pac. 1086; *Atchison etc. Ry. Co.* v. *Cone,* 37 Kan. 567, 15 Pac. 499; *Steinbuchel* v. *Wright,* 43 Kan. 307, 23 Pac. 560.

"It is an invasion of the rights of the jury for a judge to require a *remittitur* as a condition to his overruling a motion for a new trial on the ground of an excessive verdict, and his only course is to grant a new trial." *Gulf etc. Ry. Co.* v. *Coon,* 69 Tex. 730, 7 S. W. 492.

Baker & Campbell, and G. C. Israel, for Appellee.

The court properly refused at the close of plaintiff's case to instruct the jury to find for the defendant. While we introduced no proof of the conduct of the deceased at the exact time of the injury, yet having affirmatively shown negligence on the part of the defendant, the jury had a right to infer ordinary care and diligence on Tomlinson's part. To hold otherwise would be in effect to presume negligence on the part of one in excuse of negligence on the part of the other. *Gay* v. *Winter,* 34 Cal. 153; *Johnson* v. *Hudson River R. R. Co.,* 5 Duer, 21; *Button* v. *Hudson River R. R. Co.,* 18 N. Y. 248; *Hopkins* v. *Orr,* 124 U. S. 510, 8 Sup. Ct. Rep. 590; *Arkansas etc. Cattle Co.* v. *Mann,* 130 U. S. 69, 9 Sup. Ct. Rep. 458.

SLOAN, J.—This action is brought under the provisions of title 36 of the Revised Statutes of 1887, entitled "Injuries Resulting in Death." Plaintiff, Bertha Tomlinson, as the widow of Thomas Tomlinson, deceased, brought suit in her own name against the Southern Pacific Company, for the benefit of herself, as surviving wife, as well as for the children and parents of the deceased, to recover damages sustained by the death of said deceased, which occurred, as alleged, by reason of the negligence of the defendant. In addition to a special verdict, the jury returned a verdict for plaintiff in the sum of fifty thousand dollars, which amount was apportioned among the beneficiaries named in the complaint as follows: Bertha Tomlinson, plaintiff, eight thousand dollars; Fenton Tomlinson, father, five thousand dollars; Mary Tomlinson, mother, five thousand dollars; Alice Tomlinson, child, eight thousand dollars; Fenton Tomlinson, child, eight thousand dollars;

Howard Tomlinson, child, eight thousand dollars; Baby Tomlinson, child, eight thousand dollars. The defendant moved the court to set aside the verdict, and grant a new trial, on the ground, among others, that the verdict was excessive, and rendered under the influence of passion or prejudice. Whereupon plaintiff, by her attorneys, filed a *remittitur*, which was in words and figures following, to wit: "Comes Bertha Tomlinson, on behalf of herself and the others interested herein, and remits from the verdict heretofore rendered therein, in the sum of $50,000, the following sums: Bertha Tomlinson, $8,000, remitted to $6,000; Alice Tomlinson, $8,000, remitted to $3,000; Fenton Tomlinson, $8,000, remitted to $3,000; Howard Tomlinson, $8,000, remitted to $3,000; Baby Tomlinson, $8,000, remitted to $3,000; Fenton Tomlinson, father, $5,000, remitted to $1; Mary Tomlinson, mother, $5,000, remitted to $1,—thereby making a total remittance of $31,998, and allowing the verdict to stand in the sum of $18,002." The court then overruled the motion for a new trial, and entered judgment for plaintiff in accordance with the *remittitur*. It is alleged by appellant that the court erred in allowing the *remittitur*, and entering judgment in accordance therewith—First, for the reason that the plaintiff had no power to remit any portion of the damages awarded by the jury, except, perhaps, the portion allowed to her by the verdict; and second, for the reason that, the damages being excessive, it was evident that the jury in returning any verdict for plaintiff, acted through passion or prejudice; and therefore a *remittitur* could not possibly operate to cure the verdict thus wrongfully found.

As to the right of the nominal plaintiff, in an action for damages on account of injuries causing death, we are not cited to any authorities directly in point. Independent of the statute, the right to maintain such action does not exist. We are therefore left in determining this question solely to a consideration of the sections of the statute which bear upon the question. Paragraph 2149 of the Revised Statutes, being section 5 of said title 36, provides that "the action shall be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be

liable for the debts of deceased." Paragraph 2150 provides that "the action may be brought by all the parties entitled thereto, or by any one or more of them for the benefit of all." The paragraph last quoted gives the widow authority to bring suit for herself, children, and parents of the deceased, if any there be, living at the time of the death of deceased. The authority to bring, it seems to us, includes also full authority to prosecute, control, and direct the suit to its final determination. If, to prevent a new trial being granted, it be necessary to remit a portion of the damages awarded by the jury, we see no reason why she may not under the statute remit such portion or portions as may be necessary to that end, and which she may consider, in good conscience, ought to be remitted. To hold otherwise would, we think, be construing the statute to place the plaintiff in this sort of an action at a disadvantage to plaintiffs in other forms of action. While the record does not affirmatively show that the trial court made a remission of a portion of the damages awarded a condition precedent to his overruling the motion for a new trial, the damages awarded being clearly excessive, we think it quite evident that, had the *remittitur* not been filed, the court would have granted the motion. A trial court has the power, where excessive damages have been allowed by the jury, and where the motion to set aside the verdict is based upon this ground, to make a remission a condition precedent to overruling the motion. The exercise of this power rests in the sound discretion of the court. This doctrine is affirmed in the case of *Cattle Co.* v. *Mann,* 130 U. S. 74, 9 Sup. Ct. Rep. 458; also, in *Railroad Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. Rep. 590. Of course, if it is apparent to the trial court that the verdict was the result of passion or prejudice, a *remittitur* should not be allowed, but the verdict should be set aside. In passing upon this question the court should not look alone to the amount of the damages awarded, but to the whole case, to determine the existence of passion or prejudice, and to determine how far such passion or prejudice may have operated in influencing the finding of any verdict against the defendant. When the circumstances, as they may appear to the trial court, indicate that the jury deliberately disregarded the instructions of the court, or the facts of the case, a *remittitur* should not be allowed, but a new trial should be granted. If they do not so

indicate, and the plaintiff voluntarily remits so much of the damages as may appear to be excessive, the court, in its discretion, may allow the remission and enter judgment accordingly. *Cattle Co.* v. *Mann,* cited above. From a review of the whole case, we cannot say that the jury, in finding for the plaintiff in this action in a sum largely in excess of the damages proven, deliberately disregarded the facts or the instructions of the court. We rather incline to the view that the jury, having found the issues in favor of the plaintiff, was then prompted, through sympathy for the widow and children, and out of the enlarged liberality of which juries in such cases are usually possessed, to award damages largely in excess of what the proofs warranted.

The refusal of the trial court at the close of plaintiff's case to direct the jury to return a verdict for the defendant, at the request of defendant, is assigned as error. The deceased, Thomas Tomlinson, a merchant living in the village of Casa Grande, A. T., about nine o'clock in the evening of June 24, 1891, while crossing the railroad track of defendant, within the confines of said village, was struck by a passing freight engine, and died soon after from the injuries received. The testimony on the part of plaintiff tended strongly to show that at the time of the accident the train, which was a special freight, was running at a high rate of speed, and that, contrary to the custom of defendant, and in violation of the provisions of paragraph 322 of the Revised Statutes of 1887, no bell was rung, or other warning given of its approach. The village of Casa Grande extends along on each side of the defendant's track, which runs at this point in an east-and-west direction. South of the track, and facing it, is a row of dwellings, in one of which deceased was living, while north of the track are a number of business houses, one of which was the store of deceased. It was shown that the place where the deceased was struck was used as a crossing by him and the other residents living south of the track, in going to and from the north side. At this point there is the main track, and on each side a side-track. From the south side the view of the track to the east, from which direction the train which struck deceased was coming, was open and unobstructed for a considerable distance. On the north side, extending east from the place of the accident, for some distance along the side-track was a large

pile of lumber, high enough to hide an approaching train. Near the west end of this lumber-pile, two box-cars were standing on the north side-track. To the east of the lumber-pile, near the track, there is a house used as an office by the company owning the lumber. It was shown that, several minutes prior to the arrival of the train, deceased left his home, on the south side, to cross over to the north side. The theory of the plaintiff was, that deceased, on returning from the north side, was run into by the passing train. While none of the witnesses on the part of the plaintiff saw deceased at the time of the accident, there were circumstances shown which tended strongly to establish this theory as the correct one. One of the witnesses standing on the south side of the track, and about seventy-five feet from the crossing, was watching the approaching train until it stopped opposite him, and saw no one step on the track from the south side. It was also shown that the injuries received by the deceased were on the left side of the body. It was also shown that a flagstaff on the right side of the cowcatcher of the engine was broken off, and found near the body of the deceased. We think the case, as made out by the plaintiff, sufficient to justify the court in leaving the question of negligence on the part of the defendant to the determination of the jury, as well as the question of contributory negligence, or its absence, on the part of deceased.

Counsel for appellant urge in their brief that the request should have been granted for the reason that plaintiff fails to show due care and caution on the part of deceased in attempting to cross the track at the time of the accident. The rule in this territory, as declared by the supreme court in the case of *Lopez* v. *Mining Co.,* 1 Ariz. 464, 2 Pac. 748, is, that in actions for personal injuries, where contributory negligence is relied upon as a defense, due care and caution on the part of plaintiff, in the absence of affirmative proof to the contrary, will be presumed, and the burden of proving such contributory negligence rests upon defendant. The same rule has been applied by the supreme court of the United States. *Railroad Co.* v. *Gladmon,* 15 Wall. 401; *Railroad Co.* v. *Horst,* 93 U. S. 291. In actions for damages in injuries causing death the same rule prevails as in ordinary actions for damages for personal injuries. We think the trial court very properly

denied defendant's request that the jury be directed to return a verdict for the defendant. We think the judgment should be affirmed, and it is so ordered.

Gooding, C. J., and Wells, J., concur.