231 P.2d 756

**HORN et al. v. RUESS.**

No. 5312.

Supreme Court of Arizona.

May 21, 1951.

John W. Ross and Cusick & Watkins, all of Tucson, for appellants.

Laurence Davis, of Tucson, for appellee.

PHELPS, Justice.

This is an action for damages which plaintiff-appellee, Velma B. Ruess claims to have sustained as the result of certain slanderous statements alleged to have been made concerning her by defendants-appellants Sarah Horn and Marian Horn. From a judgment in the sum of $25,058 and from an order denying their motion for a new trial, defendants appeal.

The complaint sets up six separate causes of action. It is alleged in the first cause of action that on May 20, 1948, defendant Sarah Horn falsely and maliciously spoke and published words of and concerning the plaintiff to one Belle Brooks in which she in substance charged plaintiff with theft. The evidence in support of this claim is to the effect that the statements were in fact made by both defendants. The second cause of action charges that on May 17, 1948, defendant Marian Horn falsely and maliciously spoke and published words of and concerning plaintiff to Frances Shiff Segal in which she in substance accused plaintiff of the theft of a dress from the store of defendants.

The third and fourth causes of action charge that on the 20th and 25th days of May, 1948, respectively defendant Marian Horn did falsely and maliciously speak and publish words to Frances Shiff Segal of and concerning plaintiff which in effect charged plaintiff with two separate thefts from the store of defendants.

The fifth cause of action charges that defendant Sarah Horn falsely and maliciously spoke words of and concerning the plaintiff to Amy Pence in the presence of Maud Davis which in substance accused plaintiff of theft from the store of defendants. It is alleged in each of these counts that these accusations were made by the defendants acting in concert and conspiracy with each other or in furtherance of a definite plan agreed upon between them.

The sixth cause of action is based upon a claim for commissions plaintiff alleges she earned as a sales clerk during her employment with defendants. The answer denies generally and specifically each and all the allegations of the complaint.

Plaintiff, in her complaint, asked for both actual and punitive damages in the first five causes of action. Evidence was presented and instructions were given to the jury relating to both. The verdicts submitted to the jury, however, did not provide for a separate assessment of punitive damages and consequently damages were awarded in each of such causes of action in the lump sum of $5,000, and on the sixth cause of action, the verdict was returned in the sum of $58 as prayed for.

Defendants have presented for our consideration four separate assignments of error based upon the failure of the trial court to grant their motion for a new trial for the reasons:

1. The verdicts were excessive, not not justified by the law and evidence, and given under the influence of passion and prejudice.

2. That proof of damages is wholly lacking and the verdicts do not find any general or compensatory damages upon which to base an award of punitive damages.

3. That the verdicts are contrary to the pleading, to the law and evidence, and awarded damages against both defendants in each of the first five causes of action.

4. That the instructions improperly instructed the jury as to the relation between actual and punitive damages, that plaintiff was slandered by Sarah and Marian Horn and that plaintiff must prove that defendant or defendants spoke the alleged words.

We believe that a disposition of assignment No. 1 may be more appropriately made after the other questions of law have been settled. We will therefore first consider assignment No. 2. We cannot agree with the contention that proof of damages is wholly lacking. Plaintiff proved by different witnesses that defendants separately and in the presence of each

other made statements to such witnesses which in substance accused plaintiff of theft of dresses from their store. No other construction can be placed upon the language used and it was so understood by the persons to whom the accusations were made. Such words are actionable per se, 53 C.J.S., Libel and Slander, § 70, Note 81, and it is not necessary under such circumstances to either allege or prove special damages. We held in Conard v. Dillingham, 23 Ariz. 596, 206 P. 166, 168, that: "* * * when the uttering of words slanderous per se is shown, and they are not proven to have been true, there being no contention that their communication was privileged, the jury's duty to return a verdict for the plaintiff in some amount is not open to question, * * *." (Citing cases.)

The court said in such cases damages are implied and that every person is presumed to intend the natural and probable consequences of his own acts.

▮▮ We do not believe the records justify the further contention in this assignment of error that the verdicts do not find any general or compensatory damages upon which to base an award of punitive damages, nor do we believe defendants are in a position to complain. In the first place the verdicts appear upon their face to be, not for punitive damages, but for actual damages. Secondly, if the verdicts submitted by the trial court to the jury did not provide for the segregation of ac-

tual and punitive damages so that each might be definitely known, defendants' duty was to ask for such separation before they were submitted to the jury. Having failed to do so they may not now be heard to complain. In any event the failure to segregate them constitutes only an error in form rather than of substance. Clark v. McClurg, 215 Cal. 279, 9 P.2d 505, 81 A.L.R. 908. In that case the verdict was for punitive damages but the court held that inasmuch as the jury found malice in fact it necessarily found that appellant maliciously uttered and published the slanderous statements charged (and necessarily that the plaintiff was damaged in law). In Courtney v. Blackwell, 150 Mo. 245, 51 S.W. 668, the jury found for plaintiff in an action for slander and assessed punitive damages in a fixed amount. The complaint alleged the words were uttered maliciously etc., and instructions were given on both actual and punitive damages. The court held that because of some mischance in the form of the verdict in failing to leave a place thereon for the separate assessment of actual damages and the verdict returned was in one lump sum as punitive damages this did not justify the reversal of the case; that both the evidence and pleadings were sufficient to warrant recovery of both actual and punitive damages and that the error was one of form and not of substance.

In Conard v. Dillingham, supra, the complaint alleged that the defendant "'* * *

did willfully, wantonly, and maliciously speak of and concerning the plaintiff certain false, defamatory, and slanderous words, to wit, "That the plaintiff had stolen a Ford truck * * *."'"

At the trial the court instructed the jury on both actual and punitive damages and submitted the following verdict to the jury: "We, the jury duly impaneled and sworn in the above action, upon our oaths, do find for the plaintiff and fix his damages at the sum of $———."

The jury filled in the amount at $1300. On appeal the appellant attacked the correctness of the court's instructions both on the question of actual and punitive damages. No question was raised as to the form of the verdict in failing to separately assess the actual and the punitive damages. We upheld the judgment of the lower court and although the verdict in form indicated that it was one for actual damages only, the court concluded its opinion in the following language:

"This evidence, if believed by the jury, the sole judge of its weight, was sufficient to support a verdict for exemplary or punitive damages when considered in connection with the slanderous statement itself.

"No error appearing in the record, the judgment is affirmed."

This court in that case, by implication, approved the form of verdict submitted to the jury in the instant case. We hold therefore that while it is the better practice to separately assess the actual and punitive damages, failure to do so constitutes merely error of form rather than of substance.

Defendants next contend that the verdicts are contrary to the pleadings, the law and the evidence in awarding damages as against both defendants. They argue that in the absence of a conspiracy to slander, a joint action cannot be maintained against two or more persons on such a charge. An examination of the authorities cited by defendants substantiates this claim. But the cases have no application to this case. Plaintiff has alleged in each of her causes of action based upon slander the existence of a definite plan or conspiracy between defendants Sarah Horn and Marian Horn to coerce plaintiff into falsifying the date of an injury sustained by her during her employment with defendants. This allegation of conspiracy was expressly denied by defendants in each cause of action. The evidence upon this point to our mind is conclusive. "Conspiracies need not be established by direct evidence of the acts charged. They may, and generally must, be proved by a number of indefinite acts, conditions, and circumstances which vary according to the purposes to be accomplished. The very existence of a conspiracy is generally a matter of inference deduced from certain acts of the persons accused which are committed in pursuance

of an apparently criminal or unlawful purpose in common to them. The existence of the agreement or joint assent of the minds need not be proved directly, but may be inferred by the jury from other facts proved. It is not necessary to prove that the defendants came together and actually agreed upon the unlawful purpose and its pursuit by common means. If it is proved that the defendants, with a view to the attainment of the same purpose, pursued such purpose by their acts—often by the same means, each performing some part thereof—the jury will be justified in concluding that they were engaged in a conspiracy to effect a common object. * * *" 11 Am.Jur., Conspiracy, Sec. 38 (Citing many cases). Also see State v. Sullivan, 68 Ariz. 81, 200 P.2d 346; State v. Cassady, 67 Ariz. 48, 190 P.2d 501.

The above quotation has to do with criminal conspiracy. But the rules of evidence applicable in criminal prosecution for conspiracy are the same in civil cases of conspiracy. 11 Am.Jur., Conspiracy, Sec. 56.

The conversations between plaintiff and the defendants were not in each instance in the presence of both defendants but invariably a statement made by either of defendants to plaintiff, whether in the presence of each other or not, including the threats of defendants to run plaintiff out of town and to charge her with criminal conduct, was vocally approved or reaffirmed by the other. See Bankhead v. Howe, 56

Ariz. 257, 107 P.2d 198, syllabuses 6 and 7, 131 A.L.R. 269. We hold that a conspiracy to defame plaintiff's character was clearly established. Therefore there is no merit to this assignment.

We have carefully examined the instructions of the trial court relating to both actual and punitive damages and find them to clearly state the law. If defendants' statement in assignment of error No. 4 to the effect "that the instructions improperly instructed the jury as to the relation between actual and punitive damages" they mean that the trial court failed to instruct the jury that punitive damages must bear some reasonable relation or proportion to the actual damages assessed, the answer is that no such instruction was requested by appellants at the trial and they cannot therefore be heard to complain here. There is a decided conflict of authorities on the soundness of the doctrine as to whether or not there does exist or should exist a reasonable relation or proportion between the two and we reserve our ruling upon it until properly presented.

A conspiracy having been both alleged and proved the other portions of instructions of which complaint is made were properly given.

We will now take up the question presented in the first assignment of error to the effect that the verdicts are excessive and are the result of prejudice and passion.

138

■ We have heretofore pointed out that proof of the utterance of false words concerning another which are actionable per se unless privileged, entitles such other person to damages in some amount. In addition to proof of these facts plaintiff testified that she had suffered mental distress in brooding over the "insidious disgrace" it brought upon her. There is no rule by which damages for mental suffering and humiliation may be measured. Vaughn v. May, 217 Mo.App. 613, 274 S. W. 969. The amount to be assessed must be left to the sound discretion of the jury. If the amount, however, is inadequate or excessive, the court may interfere. Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734. Included in the verdict rendered in the instant case is the element of punitive damages awarded as punishment for a wicked and vindictive course of conduct shown to have been pursued by defendants against plaintiff. The jury evidently found the existence of malice in fact as distinguished from malice in law in the minds of defendants as a motivating influence in their conduct.

■ Treating the evidence in the light most favorable to the plaintiff, as we are bound to do under the circumstances, we are of the view the jury could have reached no other conclusion. Such a vindictive attitude was not only indicated from the testimony of the witnesses to whom the accusations were made but it was manifest in the testimony of the defendants themselves.

■ It will be observed that causes of action 2, 3 and 4 are based on three different statements or accusations made by Marian Horn to the witness Frances Shiff Segal on May 17th, 20th and 25th respectively for which damages were awarded in each cause for $5000. This leads us to conclude that the spiteful and vindictive attitude of the defendants may have influenced the jury to allow passion and prejudice to somewhat enter into their deliberations in assessing damages in all five counts in the sum of $5000 each. And while we hesitate to disturb the verdict returned by the jury and although we recognize plaintiff's right to prosecute her action for damages on each of the accusations made, we feel, in the interest of justice, we should exercise the authority given us under the provisions of section 21–1833, A.C.A.1939, to decrease the amount of damages awarded if we deem it to be excessive.

We observe that the prayer of the complaint asks for, and the verdict and judgment both purport to award plaintiff attorneys' fees. No assignment is found in the record questioning the right of plaintiff to attorneys' fees in actions of this character. We presume that this is due to the fact that neither the verdict nor the judgment fix the amount of the fees and counsel were of the opinion that the judgment for such fees was unenforceable for lack of certainty. We find no law in this state, however, to support such

a judgment in an action for slander even if the amount were definitely fixed in the judgment.

It is true some jurisdictions allow recovery of attorneys' fees where exemplary damages are assessed but we have not adopted that rule and the question is not properly before us at this time.

We find no reversible error committed by the court in the trial of the case. It is therefore ordered that if plaintiff shall, within ten days file a remittitur in this court in the sum of $2000 on each of the first five causes of action, the judgment will in all respects be affirmed. Otherwise the judgment will be reversed on these causes of action and the case remanded for a new trial.

Judgment affirmed on condition of remittitur.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.