**Lloyd L. MOTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21188.**

United States Court of Appeals Ninth Circuit.

Dec. 14, 1967.

David G. Ferrari, San Jose, Cal., for appellant.

Edward E. Davis, U.S. Atty., Jo Ann D. Diamos, Asst. U.S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY, HAMLIN and JERTBERG, Circuit Judges.

HAMLIN, Circuit Judge:

Lloyd L. Mott, appellant herein, was charged in an indictment filed by the Grand Jury in the United States District Court for the District of Arizona with violating 21 U.S.C. § 176a (conspiring to bring 542 pounds of marihuana into the United States). He was tried before a jury while represented by counsel, was found guilty and sentenced to a term of imprisonment. He made a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291, et seq. We affirm.

Appellant's sole contention on this appeal is that the district court erred in not granting his motion for a judgment of acquittal upon the ground of insufficient evidence. Appellant did not testify in the district court. The following facts are established by the testimony produced by the prosecution.

At about 8:15 p.m. on February 22, 1966, appellant driving a blue El Camino Chevrolet stopped at the office of a taxicab company in Ajo, Arizona, and inquired about obtaining a taxicab for a trip to Lukeville, Arizona, which is a small border town approximately 40 miles from Ajo, of about 35 inhabitants. On being informed of how a taxicab could be obtained and the time involved in driving to Lukeville, appellant left and went to the Ajo Motel where he registered under the name of Roger Collins.

About 15 minutes later he requested the manager of the motel to phone for a taxicab. The owner of the taxicab company, apparently suspicious of appellant's behavior, notified the sheriff's office. The cab arrived shortly thereafter and the driver observed appellant go to the blue El Camino Chevrolet and get some cigarets from it. Appellant told the driver that he wanted to go to Lukeville and while en route stated that he had never been in Mexico before, but that he was thinking of opening an electrical shop in Ajo. They arrived at Lukeville about 10 a.m. where appellant got out of the taxicab on the American side of the border. Shortly thereafter, according to the testimony of a customs inspector at the border, an unidentified man asked permission to enter Mexico on foot.

At about 4:30 p.m. that same day a woman known as Leticia Saavedra drove a blue El Camino Chevrolet into Carney Motors in Ajo to have it repaired. At her request a mechanic drove her to the Ajo Motel where she was observed going into appellant's room. A few moments later appellant went to the motel office and inquired what the checkout time was, stating that he had to leave that evening but would be back to get his things in the morning. He then left the motel in a blue El Camino Chevrolet, headed north, crossed the county line going toward Gila Bend. Saavedra picked up her blue Chevrolet at Carney Motors at about 7 p.m. on that same night.

The following day appellant returned to the motel and checked out at about 12:30 p. m. Meanwhile, Saavedra was in downtown Ajo inquiring where she could buy a license plate and a screw driver. Later that day she was observed heading north on Highway 85 in a black Chevrolet. Her car was followed and she was seen stopping and parking on the side of the Airport Road next to a blue El Camino Chevrolet, where an unidentified man was seen sitting in her car with her. Just prior to this time, however, appellant had been seen driving a blue Chevrolet on the same road, making a sudden U-turn and driving back to the very same

spot. About 15 minutes later Saavedra drove south on Route 85 in the black Chevrolet and appellant drove north in the blue Chevrolet toward Gila Bend. Saavedra was followed along the highway leading to Lukeville and she was eventually seen entering Mexico at Lukeville.

At about 10:30 a.m. the following day Leticia Saavedra entered the United States from Mexico driving a blue El Camino Chevrolet and was stopped at the border. The car was searched and approximately 542 pounds of marihuana were found behind hidden panels in the automobile. At about the same time on the same road and at the same spot where the black Chevrolet and the blue Chevrolet had met and parked the day before, appellant was seen sitting in a blue El Camino Chevrolet. After waiting there for a while, appellant apparently left and checked with the Ajo Motel to see if there had been any phone messages for him. About 1:30 that afternoon appellant was arrested in Gila Bend, Arizona, which is about 40 miles north of Ajo. He was questioned by the officers, and while he did not make any confession of guilt, his answers could be considered as equivocal. Leticia Saavedra, having been arrested at the border after the marihuana was found, was taken to Gila Bend, and when she saw appellant come out of the building in the custody of the customs agent she started crying and nodded her head.

There was testimony that the blue El Camino Chevrolet driven by Miss Saavedra across the border was practically identical in appearance with the blue El Camino Chevrolet which appellant had been driving in and around Ajo and in which he was parked by the side of the road next to the black Chevrolet on the morning of February 23, and in which he was parked alone at the same spot on the morning of February 24. Both cars also had California license plates—the numbers thereon, however, being different.

From an examination of all of the evidence in this case, we think that there was sufficient evidence to support the jury's finding of the defendant's guilt of the crime of conspiracy. From the time that the sheriff's office had been alerted on February 22 of the activities of appellant, both appellant and Saavedra had been under surveillance and various witnesses testified to their activities. The jury was fully instructed by the court as to the law which should govern them and appellant's counsel made no objection to these instructions.

Conspiracy may be, and, frequently is, proved by circumstantial evidence. It can rarely be proved in any other manner. Diaz-Rosendo v. United States, 357 F.2d 124, 129 (9th Cir. 1966) (en banc); Isaacs v. United States, 301 F.2d 706 (8th Cir. 1962). In determining whether or not the evidence is sufficient to sustain the judgment of conviction we must view the evidence in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Diaz-Rosendo v. United States, supra. Viewing the evidence in this light we find that there was sufficient evidence, direct and circumstantial, to support the conviction.

Judgment affirmed.