557 P.2d 569

The STATE of Arizona, Appellee,

v.

Ernesto R. AGUIRRE, Appellant.

No. 2 CA–CR 822.

Court of Appeals of Arizona,
Division 2.

Sept. 14, 1976.

Rehearing Denied Oct. 5, 1976.

Petition for Review Denied Nov. 16, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

**638**

John M. Neis, Pima County Public Defender by Donald J. Natoli, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

This is an appeal from a judgment of guilty to the crime of conspiracy to commit robbery, A.R.S. § 13–331(A), as amended, and a sentence thereon of not less than five nor more than ten years in the Arizona State Prison. We are asked to answer two questions on appeal:

1. Did the trial court properly overrule appellant's objections to hearsay evidence and deny appellant's motion for a mistrial?

2. Does the record contain sufficient evidence to support the jury verdict of guilt of first-degree conspiracy?

The pertinent facts are as follows. On September 19, 1975, Department of Public Safety Narcotics Officers Garrett Robb and Patrick Malloy, together with private detective Roger Border, met with appellant at Manny's Bar in Tucson, Arizona. After a brief conversation, appellant agreed to set up a large marijuana transaction.

Later that evening, Agent Robb telephoned appellant, who informed Robb that the marijuana was available and that he would call back as soon as the shipment arrived. Approximately one hour later, Agent Robb received a call from appellant. After identifying himself as "Gary", the officer was told by appellant that the marijuana had arrived and that they were to proceed to Room 132 of the Spanish Trail Motel in Tucson to complete the deal.

Robb and Malloy went to the Spanish Trail and knocked on the door of Room 132 as instructed. A voice from within the room questioned the callers as to their identity. After Robb had identified himself as "Gary" the door was opened. The officers had walked but a few feet into the quarters when one of the occupants, Sanders, pulled a rifle out from beside a bed.

Agent Robb fled the premises and was followed by Room 132's second armed occupant, Carlos Aguirre, the brother of appellant. A gun battle between the two men ensued and Carlos was killed.

Sanders, in the meantime, had pushed Agent Malloy on to the floor of Room 132 with the barrel of his rifle and repeatedly demanded the money which was to have been exchanged for the marijuana. He eventually surrendered to the agents. Appellant was arrested in connection with these events on September 25, 1975.

It is appellant's initial contention that certain evidence adduced at trial consisted of conversations between the undercover agents and between the agents and appellant, and should have been excluded by the trial court as hearsay. We have reviewed the record and are not swayed by appellant's argument.

While it is true that certain testimony was clearly hearsay and should not have been admitted, the bulk of the testimony was proper and the trial court did not err in overruling appellant's objections. Several of appellant's statements were properly admitted under the hearsay exception allowing extra-judicial admissions of a defendant to be introduced into evidence. *Wolfswinkel v. Southern Pacific Company*, 81 Ariz. 302, 305 P.2d 447 (1956), overruled on other grounds, 93 Ariz. 97, 378 P.2d 913 (1963); 29 Am.Jur.2d Evidence § 611 (1967).

For example, after appellant's arrest, the officers advised him of his Miranda rights. Subsequently, Agent Malloy asked him if there had ever been any marijuana. Appellant answered that there was no marijuana and that the whole thing had been a "rip-off" from the beginning. He further stated that he wished "they'd" shot one of the agents. Such statements are clearly inconsistent with appellant's position at trial that he was not part of the scheme to rob, and thus are admissible as extrajudicial admissions. *See, Kelso v. In-*

dependent Tank Company, 348 P.2d 855 (Okl.1960).

In yet another instance, the trial judge properly sustained appellant's objection and instructed the jury to disregard several answers pertaining to a particular conversation. It is our opinion that the alleged "errors" do not amount to reversible error, and the court below properly denied appellant's motion for a mistrial. [1]

Appellant's second contention is that the trial court should have granted his motion for a directed verdict on the grounds that there was insufficient evidence of conspiracy. We disagree.

■ The elements of criminal conspiracy include an object to be accomplished, a plan embodying means to accomplish that object, an agreement or understanding between two or more persons whereby they become committed to cooperate for accomplishment of the object and an overt act, except for those offenses exempted by statute. *State v. Westbrook*, 79 Ariz. 116, 285 P.2d 161 (1954). An "overt act" need not be committed by all parties concerned, rather, it is sufficient if only one of the parties commits an act toward execution of the conspiracy. *State v. Sullivan*, 68 Ariz. 81, 200 P.2d 346 (1948). It has further been held that the existence of agreement or assent of minds necessary to constitute a conspiracy may be inferred from the facts provided. *People v. Johnson*, 536 P. 2d 44 (Colo. 1975). Since a conspiracy is generally covert, it must be established in most cases by circumstantial evidence. *Horn v. Ruess*, 72 Ariz. 132, 231 P.2d 756

(1951); *Mott v. United States*, 387 F.2d 610 (9th Cir. 1967).

■ In the case at bench we believe that sufficient evidence existed upon which the jury could find that appellant conspired in the robbery. The record reflects that appellant set up the supposed marijuana transaction and directed the agents to Room 132 of the Spanish Trail Motel. At the motel, one of the occupants opened the door upon the agent identifying himself as "Gary", giving rise to the inference that appellant had communicated the name of the officer to the other participants in the scheme. During the course of the gun battle, one of appellant's co-conspirators repeatedly demanded the money which the agent was supposed to have, again evidencing communication between appellant and his co-conspirator. Finally, appellant himself admitted, after being advised of his Miranda warnings, that he knew the entire transaction had been a "rip-off" all along.

In short, the object to be accomplished was robbery, while the plan was to lure the agents to the motel room. The underlying agreement or understanding between the parties may be inferred from the facts and circumstances. The overt acts were the renting of the motel room and the bringing of weapons to that location. We hold that the evidence fully satisfied the *Westbrook* test.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. We reject, however, the State's argument that certain conduct of appellant was not hearsay in that it constituted "verbal acts". We believe that the conduct in question does not satisfy all the "verbal acts" requirements as enunciated in *Keefe v. State of Arizona*, 50 Ariz. 293, 72 P.2d 425 (1937), and *State v. Lopez*, 107 Ariz. 214, 484 P.2d 1045 (1971).