589 P.2d 1355

**Rosemarie T. WAQUI and John C. Waqui, wife and husband, and James W. Stevens, surviving spouse of Christine Stevens, Deceased, Appellants/Cross Appellees,**

v.

**TANNER BROTHERS CONTRACTING COMPANY, INC., Appellee/Cross Appellant.**

**No. 2 CA–CIV 2797.**

Court of Appeals of Arizona, Division 2.

Jan. 8, 1979.

Miller, Pitt & Feldman, P. C., by Richard L. McAnally, John L. Tully, Tucson, for appellants/cross appellees.

Lesher, Kimble & Rucker, P. C., by Darwin J. Nelson, Tucson, for appellee/cross appellant.

## OPINION

RICHMOND, Chief Judge.

This is an action for damages for personal injuries sustained by plaintiff Rosemarie T.

Waqui and for the wrongful death of Christine Stevens. Following jury verdicts in favor of Mrs. Waqui and her husband in the sum of $75,000 and in favor of James W. Stevens, as surviving spouse of Christine, in the sum of $1,000, the plaintiffs moved for an additur or new trial on the sole issue of damages. The trial court denied the Waquis' motion but granted a new trial on damages to Stevens unless defendant agreed to an additur of $29,000. Defendant accepted the additur.

The Waquis have appealed from the judgment and denial of their motion. Stevens has appealed from the judgment and the order granting the additur, contending the trial court abused its discretion both in the inadequacy of the additur and in failing to order a new trial on damages. Defendant by cross-appeal challenges the assessment of costs and jury fees, arguing that it is the "successful party" under A.R.S. § 12–341[1] because the verdicts in each instance were less than the amounts received by the respective plaintiffs through settlements with third parties. We find no error entitling any of the parties to relief.

■ As to the Waquis' appeal, both sides rely on *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972), although reaching opposite conclusions. The Waquis acknowledge that on motion for an additur the greatest possible discretion is in the trial judge, but argue that under *Creamer* the ultimate test is justice, requiring reversal here. We do not find, however, that deference to the trial court's discretion in this case is incompatible with the quest for justice. The evidence established past and future special damages of approximately $41,000, and we are unable to say as a matter of law that $34,000 was inadequate to compensate for Mrs. Waqui's pain and residual disability, matters normally within the province of the jury. *Meyer v. Ricklick*, 99 Ariz. 355, 409 P.2d 280 (1965). As the court said in *Creamer*:

* * * It is interesting to note that in every single one of these cases [on the subject of the size of jury verdicts] we affirmed the trial court's order. That in itself should carry a strong inference that one of the key factors in our decisions is to give the trial judge the benefit of the doubt. Like the jury, he has had the opportunity to observe the witnesses' demeanor on the stand, and his ruling on additur, remittitur, and new trial, because of an inadequate or excessive verdict, will generally be affirmed, because it will nearly always be more soundly based than ours can be.

108 Ariz. at 575, 503 P.2d at 796.

While the same reasoning disposes of the contention that the additur to the Stevens verdict was inadequate, Stevens also argues that a new trial was required by the trial court's minute order, which states in part:

As to the wrongful death action, the verdict was so inadequate as to shock the conscience of the Court. However, we are dealing with the death of a 60 year old woman, married, all of whose children had grown to adulthood and except for a twenty year old, were living away from the family home. There was no evidence of any financial loss resulting from the death of the decedent. The Court is of the opinion that an additur of $29,000.00 is warranted.

From the foregoing Stevens concludes the trial court must have determined that the verdict was the result of passion or prejudice, requiring a new trial rather than an additur. *Cf. Southern Pacific Company v. Tomlinson*, 4 Ariz. 126, 33 P. 710 (1893). His motion for new trial was based solely on the ground of insufficient damages, 16 A.R.S. Rules of Civil Procedure, rule 59(a)5, and not that the verdict was the result of passion or prejudice, rule 59(a)7. He argues, however, that the finding that the verdict was so inadequate as to shock the

1. A.R.S. § 12–341:

The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law.

conscience of the court is synonymous with a finding that it was the result of passion or prejudice. We disagree.

The question of what relief is appropriate in cases dealing with inadequate or excessive verdicts has arisen recurrently since *Southern Pacific Company v. Tomlinson, supra.* In upholding a remittitur in that case the court said:

> * * * Of course, if it is apparent to the trial court that the verdict was the result of passion or prejudice, a *remittitur* should not be allowed, but the verdict should be set aside. In passing upon this question the court should not look alone to the amount of the damages awarded, but to the whole case, to determine the existence of passion or prejudice, and to determine how far such passion or prejudice may have operated in influencing the finding of any verdict against the defendant. When the circumstances, as they may appear to the trial court, indicate that the jury deliberately disregarded the instructions of the court, or the facts of the case, a *remittitur* should not be allowed, but a new trial should be granted. * * * From a review of the whole case we cannot say that the jury, in finding for the plaintiff, in this action, in a sum largely in excess of the damages proven, deliberately disregarded the facts or the instructions of the court.

4 Ariz. at 132–33, 33 P. at 711.

The rule requiring that the verdict be set aside rather than modified if it was the result of passion and prejudice is clear and easy to apply where there is an express finding to that effect by the trial court. *See Flieger v. Reeb*, 120 Ariz. 31, 583 P.2d 1351 (App.1978). Confusion has arisen, however, from the language in appellate decisions where there had been no such determination. Some of the confusion may be traceable to the opinion in *Stallcup v. Rathbun*, 76 Ariz. 63, 258 P.2d 821 (1953), one of the cases on which Stevens relies. Ironically, the court in *Stallcup* first pointed out its earlier difficulty in dealing with the problem:

> It would appear that this court inadvertently failed to properly differentiate between a verdict influenced by passion and prejudice and one that is merely excessive in the decisions rendered in: *Standard Oil Co. v. Shields*, 58 Ariz. 239, 119 P.2d 116; *Jacob v. Miner*, [67 Ariz. 109, 191 P.2d 734] *supra*; *Alabam Freight Lines v. Thevenot* (both majority and minority opinions), 68 Ariz. 260, 204 P.2d 1050; *Horn v. Ruess*, 72 Ariz. 132, 231 P.2d 756.

76 Ariz. at 66, 258 P.2d at 823.

The court then purported to distill the question, in order to decide whether it was error to deny a new trial on the filing of a remittitur:

> A flagrantly outrageous verdict was declared by this court in *Standard Oil Co. v. Shields, supra*, to be a fifth ground upon which to predicate a finding of passion and prejudice. But the yardstick to be applied in determining whether such a condition exists is found in the case of *United Verde Copper Co. v. Wiley*, 20 Ariz. 525, 183 P. 737, 738, wherein Justice Ross quoted the following rule laid down by Chancellor Kent in *Coleman v. Southwick*, 9 Johns. N.Y., 45, 6 Am.Dec. 253:
>
>> " * * * 'The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have no standard by which to ascertain the excess.' "

The ultimate question presented, therefore, is whether the verdict rendered, as compared with legal damages shown is so unreasonable and outrageous as to shock the conscience of this court? * * *

76 Ariz. at 66, 258 P.2d at 824.

The yardstick the court selected, however, was taken from a case in which passion and prejudice were expressly excluded as the cause of the verdict. As Justice Ross noted in his preface to the quotation of the rule:

> There is no claim that the verdict was rendered through prejudice or passion,

and there is nothing in the record to indicate that such was the case. *That being so*, we think the rule laid down by Chancellor KENT in *Coleman v. Southwick* 9 Johns. (N.Y.) 45, 6 Am.Dec. 253, is controlling. (Emphasis supplied.) *United Verde Copper Co. v. Wiley*, 20 Ariz. at 528, 183 P. at 738.

■ We believe the misplaced reliance in *Stallcup* on the rule adopted in *United Verde* disposes of the argument that the language in the former makes a verdict which shocks the court's conscience synonymous with one resulting from passion or prejudice. This court in *State v. Watson*, 7 Ariz.App. 81, 436 P.2d 175 (1967), relying in part on *Stallcup*, held an additur applicable (although inappropriate at the appellate level) where the verdict in a wrongful death case was shockingly small. The size of a verdict in a personal injury action is not alone sufficient evidence of passion or prejudice. *Meyer v. Ricklick, supra.*

■ In summary, although a verdict that is the result of passion or prejudice must shock the conscience of the court, the inverse is not necessarily true. That verdicts which are shockingly large or small may be the result of something other than passion or prejudice is implicit in the alternative grounds for new trial afforded by rule 59(a)5 and 7. As previously noted, Stevens did not urge passion or prejudice as the cause of the inadequate verdict in his motion for new trial. By ordering an additur as an alternative to a new trial on damages, the trial judge presumably rejected passion and prejudice as the cause of the verdict. *Cf. Alires v. Southern Pacific Company*, 100 Ariz. 6, 409 P.2d 714 (1966). His recital in the minute order of the evidence pertaining to damages must be construed under the circumstances as suggesting an evidentiary basis for the verdict he deemed insufficient. As in *Tomlinson, supra*, we cannot say that the jury deliberately disregarded the facts or the instructions of the court.

■ Finally, Stevens argues that by its cross-appeal, defendant has revoked its acceptance of the additur under 16 A.R.S. Rules of Civil Procedure, rule 59(i)(2), which provides:

If a statement of acceptance is filed by the party adversely affected by reduction or increase of damages, and the other party thereafter perfects an appeal, the party filing such statement may nevertheless cross-appeal and the perfecting of a cross-appeal shall be deemed to revoke the consent to the decrease or increase in damages.

The rule obviously is intended to afford the accepting party an opportunity to challenge a remittitur or additur by cross-appeal, and has no application in this case, where the cross-appeal is not directed to the additur.

■ Defendant's position on its cross-appeal is based on the fact that plaintiffs' counsel stipulated prior to trial "that the Court has the right at the end of the trial to reduce the judgment which may be awarded to the Plaintiffs by the amounts of the settlement previously received." Inasmuch as those amounts total more than the verdicts, as modified by the Stevens additur, defendant contends it should have been awarded its costs. Although unquestionably "successful" in the sense that it has been relieved by the settlements from its obligation to satisfy any part of the judgments, defendant does not thereby qualify as the "successful party" within the intent of § 12–341. Cases involving offsetting claims, e. g., *Trollope v. Koerner*, 21 Ariz. App. 43, 515 P.2d 340 (1973), or offers of judgment under 16 A.R.S. Rules of Civil Procedure, rule 68, are inapposite. There was no offset or counterclaim, and the fact that the judgment against the defendant has been satisfied by others does not change the fact that the plaintiffs prevailed as the "successful party" in the case that was tried to jury verdicts and judgments in their favor.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.