704 P.2d 811

**Barry S. WOLIANSKY, Plaintiff/Appellant,**

v.

**T.A. MILLER and Albino Pugliani, dba Galaxy Manufacturing Co., and dba Galaxy Homes, Defendants/Appellees.**

**No. 2 CA-CIV 5171.**

Court of Appeals of Arizona, Division 2.

Feb. 12, 1985.

Review Denied June 25, 1985.

Law Offices of John Wm. Johnson & Associates, P.C. by John Wm. Johnson, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon, P.C. by Carmine A. Brogna, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Chief Judge.

This case is before us again following the issuance of our mandate in *Woliansky v. Miller*, 135 Ariz. 444, 661 P.2d 1145 (App. 1983) and the trial court proceedings conducted pursuant thereto. That appeal, taken by the same appellant, Barry S. Woliansky, was from a judgment of the superior court denying specific performance of a contract for sale of a dwelling and denial of damages for delay in the conveyance of two other lots. We affirmed the denial of damages which was in favor of the appellees, Miller and Pugliani. Our opinion with reference to the action for specific performance held that the appellant was entitled to either specific performance or damages and we remanded with directions that the trial court determine the appropriate remedy. We also directed the trial court to award reasonable attorney fees to the appellant.

In the trial court the parties stipulated that the appropriate remedy would be specific performance. The appellant sought attorney fees of $23,448 but the trial court awarded only $7,816. After the court's initial decision the appellant sought modification of the judgment to add damages of $3,500 for damage to the property which was the subject of the specific performance.

The trial court denied the requested damages because the parties had elected specific performance. The attorney fee award was one-third of the amount requested because the original complaint involved three lots, two of which were conveyed prior to trial. The denial of the monetary damages and the amount of attorney fees awarded are the issues presented in this appeal. We affirm as to the attorney fees but remand as to the other issue.

■ We first dispose of the contention that the attorney fee award was inadequate. Not only did the litigation arise out of a contract, the contract contained a provision that "the prevailing party shall be entitled to reasonable attorneys fees ... from the party adjudged against." The determination of the reasonable amount of attorney fees was peculiarly within the discretion of the trial court. Even though the other two lots were conveyed there still remained for trial the question of damage for an alleged tardy conveyance. The appellant lost that claim. It was an issue in the first appeal. We cannot say the trial court abused its discretion in finding, in effect, that two-thirds of the services were expended on that issue. The trial court heard all of the evidence, both on the substantive issues and later on the hearing regarding the fees. We will not disturb that adjudication. See *Lake Havasu Resort, Inc. v. Commercial Loan Insurance Corp.,* 139 Ariz. 369, 678 P.2d 950 (App. 1983); *Waqui v. Tanner Brothers Contracting Co., Inc.,* 121 Ariz. 323, 589 P.2d 1355 (App.1979).

■ Turning to the other issue, a party who elects specific performance may also be awarded equitable damages when the decree does not afford complete relief. See Annot., 7 A.L.R.2d 1204 (1949). Specific performance: compensation or damages awarded purchaser for delay in conveyance of land. At § 15 of that annotation it is recognized that

> "A vendor is bound to keep the property in a reasonable state of repair during delay caused by the controversy, so that the purchaser may receive what he has contracted to buy, unless there are some special circumstances which alter that obligation."

This annotation is supplemented in 11 A.L. R.4th 891 (1982). See also *Rocks v. Brosius,* 241 Md. 612, 217 A.2d 531 (1966), holding that the plaintiff may, in addition to securing specific performance, recover damages for delay in performance or for injury to the freehold. In *Easton Theatres, Inc. v. Wells Fargo Land And Mortgage Co., Inc.,* 265 Pa.Super. 334, 401 A.2d 1333 (1979) the court stated:

> "In cases where specific performance is granted of a contract to sell realty, the general rule 'is that the vendor must account to the purchaser for any deprivation of the use of the property from the date when possession should have been transferred *and for any detriment to the property caused by his failure to preserve it properly....*'" 401 A.2d at 1342 (emphasis added).

See also *Reis v. Sparks,* 547 F.2d 236 (4th Cir.1976); *Selective Builders, Inc. v. Hudson City Savings Bank,* 137 N.J.Super. 500, 349 A.2d 564 (1975).

■ The conveyance of Lot 16 was almost five years after the time originally contracted. The evidence shows it had been occupied and undoubtedly had been subjected to at least ordinary wear and tear. The appellant contends the necessary repairs to the property were the result of more than ordinary usage. The appellant sought to prove equitable damages at the very first hearing in the trial court after our mandate. The trial court, believing that the selection of specific performance precluded these damages as a remedy, denied the appellant the right to present evidence in support of that claim. This was error. We remand so that this question may be tried. If it is determined that specific performance does not afford the appellant complete equitable relief and the appellant is therefore entitled to equitable damages, the decree shall be modified to provide for such additional relief.

Affirmed in part; remanded in part.

HOWARD and HATHAWAY, JJ., concur.