574 P.2d 1314

Howard L. ALLEN, Petitioner,

v.

Lillian S. FISHER, Judge of the Pima County Superior Court, and Charles HARTER, M.D., real party in interest, Respondents.

No. 2 CA–CIV 2739.

Court of Appeals of Arizona, Division 2.

Dec. 6, 1977.

Rehearing Denied Jan. 17, 1978.

Review Denied Feb. 7, 1978.

Davis, Eppstein & Tretschok, P. C. by Thomas J. Davis, Tucson, for petitioner.

Chandler, Tullar, Udall & Redhair by Jack Redhair, Tucson, for respondent Charles Harter, M.D.

OPINION

HATHAWAY, Judge.

An order of the respondent court referring petitioner's pending lawsuit against a doctor to a medical liability review panel is the subject of this special action. Since we agree with petitioner that appellate intervention is appropriate, we assume jurisdiction.

Briefly, the procedural chronology is as follows. Petitioners filed suit in superior court on February 24, 1976, against real party in interest Charles Harter, M.D., alleging the doctor's malpractice. On Sep-

tember 7, 1977, Dr. Harter filed a motion for an order referring the complaint to the medical liability review panel.[1] The respondent court granted the motion of Dr. Harter on October 5, 1977.

The sole issue presented here is whether petitioner's claim for medical malpractice against Dr. Harter, filed before the effective date of A.R.S. §§ 12–561 to 12–569 is subject to those statutory provisions.[2] Thus the question becomes—Can these statutes be applied to an action pending at the time the statutes became effective? Our answer to this question is in the negative.

█ It is well established that a statute will have prospective operation only unless it appears that it was intended to have retroactive effect. *Stanley v. Stanley*, 112 Ariz. 282, 541 P.2d 382 (1975). We find nothing in the new legislation indicating a legislative intent that it was to have retroactive effect. However, statutory changes in procedure or remedies may be applied to proceedings already pending except where the statute affects or impairs vested rights. *Merchants Despatch Transportation Corporation v. Arizona State Tax Commission*, 20 Ariz.App. 276, 512 P.2d 39 (1973); *In re Dos Cabezas Power District (Johnson v. Arizona Public Service Company)*, 17 Ariz.App. 414, 498 P.2d 488 (1972); *Bade v. Drachman*, 4 Ariz.App. 55, 417 P.2d 689 (1966).

█ Litigants do not have a vested right in any given mode of procedure, *Denver and Rio Grande Western Railroad Company v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967), and a statute relating solely to procedural law such as burden of proof and rules of evidence can be applied retroactively. *United Securities Corporation v. Bruton*, 213 A.2d 892 (D.C.App.1965). However, where the new rule is one of substantive law, it cannot be applied retroactively. *Gem Corrugated Box Corporation v. National Kraft Container Corporation*, 427

F.2d 499 (2nd Cir. 1970); *Eskimo Pie Corporation v. Whitelawn Dairies, Inc.*, 284 F.Supp. 987 (S.D.N.Y.1968); *In re Giordano's Estate*, 85 Cal.App.2d 588, 193 P.2d 771 (1948).

█ While there is no precise definition of either term, it is generally agreed that a substantive law creates, defines and regulates rights while a procedural one prescribes the method of enforcing such rights or obtaining redress. *Romano v. B. B. Greenberg Co.*, 108 R.I. 132, 273 A.2d 315 (1971); *Ware v. City of Anchorage*, 439 P.2d 793 (Alaska 1968). We are of the opinion that at least in one respect the new legislation affected a substantive right and therefore cannot apply to petitioner's claim against Dr. Harter. A.R.S. § 12–565 provides in part:

"A. In any medical malpractice action against a licensed health care provider, the defendant may introduce evidence of any amount or other benefit which is or will be payable as a benefit to the plaintiff as a result of the injury or death pursuant to the United States Social Security Act, any state or federal workmen's compensation act, any disability, health, sickness, life, income-disability or accident insurance that provides health benefits or income-disability coverage and any other contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of income-disability or medical, hospital, dental or other health care services to establish that any cost, expense, or loss claimed by the plaintiff as a result of the injury or death is subject to reimbursement or indemnification from such collateral sources. Where the defendant elects to introduce such evidence, the plaintiff may introduce evidence of any amount which the plaintiff has paid or contributed to secure his right to any such benefits or that recovery from the defendant is subject to a lien or

1. This motion followed the filing of an amended complaint in July 1977, adding an additional party defendant, another doctor.

2. No question has been raised by petitioner here as to whether or not his claim against the additional defendant-doctor can be referred to a medical liability review panel pursuant to the statutes.

that a provider of such collateral benefits has a statutory right of recovery against the plaintiff as reimbursement for such benefits or that the provider of such benefits has a right of subrogation to the rights of the plaintiff in the medical malpractice action.

B. Evidence introduced pursuant to this section shall be admissible for the purpose of considering the damages claimed by the plaintiff and shall be accorded such weight as the trier of the facts chooses to give it."

The collateral source rule is a well-established rule in the law of damages and is an established exception to the general rule that damages in negligence actions must be compensatory. 25 C.J.S. Damages § 99(1). See also, *Riexinger v. Ashton Company*, 9 Ariz.App. 406, 453 P.2d 235 (1969). In *Eastin v. Broomfield (Maricopa County Superior Court)*, 116 Ariz. 576, 570 P.2d 744 (filed September 27, 1977), the Supreme Court recognized that A.R.S. § 12-565, supra, abolished the collateral source rule but rejected a claim that such abolition constituted a statutory limitation on damages in contravention of Arizona Constitution, Art. 2, § 31 and Art. 18, § 6. The court stated:

"... We do not agree that A.R.S. § 12-565 limits the amount of damages recoverable.

The purpose of this rule is to inform the fact finder of the true extent of the plaintiff's economic loss in order to avoid the inequity of windfall recoveries. The resulting judgments will no doubt reflect a set-off for the benefits the plaintiff has already received and these lower judgments would be reflected in lower malpractice insurance premiums, one of the objectives of the legislation. It should be noted that admission into evidence of plaintiffs' collateral benefits in no way guarantees any reduction in the damages awarded by the trier of fact. The jury may still choose to ignore the collateral benefits in making its decision as to the damages sustained by the plaintiffs." [116 Ariz. p. 584, 570 P.2d p. 752]

A rule affecting the measure of damages is a substantive right, *Frank Briscoe Co., Inc. v. Rutgers State University and College of Medicine and Dentistry of New Jersey et al.*, 130 N.J.Super. 493, 327 A.2d 687 (1974), and a change in the law affecting the measure of an injured person's right of recovery cannot be applied retroactively. *Romano v. B. B. Greenberg Co.*, supra; *Aetna Casualty & Surety Co. v. Industrial Accident Commission*, 30 Cal.2d 388, 182 P.2d 159 (1947). The respondent court therefore erred in referring petitioner's claim against Dr. Harter to the medical liability review panel.[3]

For the foregoing reasons, the order of referral is vacated with directions to enter an appropriate order not inconsistent with this opinion.

HOWARD, C. J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: JAMES L. RICHMOND, J., having requested that he be relieved from consideration of this matter, JACK G. MARKS, J., was called to sit in his stead and participate in the determination of this decision.

---

**3.** The filing of an amended complaint made no difference as to Dr. Harter since it related back to the date of the original pleading. Rule 15(c), Rules of Civil Procedure, 16 A.R.S.