579 P.2d 1124

Forrest **GRESSLEY and his wife, Emily Gressley, Appellants,**

v.

**PATTERSON TILLAGE & LEVELING INC., an Arizona Corporation, Appellee.**

No. 1 CA–CIV 3773.

Court of Appeals of Arizona, Division 1, Department B.

May 18, 1978.

Marvin Johnson, P. C., John P. Otto, Phoenix, for appellants.

Sorenson, Esser & Moore, J. William Moore, Phoenix, for appellee.

## OPINION

OGG, Judge.

The sole issue on this appeal concerns the sufficiency of the evidence to support the trial court's judgment in favor of the appellee Patterson Tillage & Leveling, Inc. (Patterson) on its complaint and against the appellants Forrest and Emily Gressley (Gressley) on their counterclaim. The complaint sought recovery of the reasonable value of certain ground leveling and ditching services and materials furnished by Patterson to Gressley; the counterclaim alleged that those services had not been properly performed and sought damages. The primary issue before the trial court was whether Patterson had completed the required services in a professional and thorough manner in accordance with the plans furnished by Gressley. The trial court ruled that the work had been properly performed and awarded Patterson $9,217.20 as the reasonable value of the services and materials, plus $900 attorney fees. Gressley now appeals from that award and the denial of the counterclaim.

■ Since the trial court was not requested to and did not make findings of fact or conclusions of law, this court must view the evidence and reasonable inferences therefrom in the light most favorable to sustaining the judgment, and if there is any evidence to support the judgment it must be affirmed. *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970). We affirm the judgment.

The record indicates that in early 1973 the parties entered into an oral contract under which Patterson was to level and ditch two 40 acre tracts of land belonging to Gressley in accordance with a plan prepared by Dean Griffith, an employee of the United States Soil Conservation Service. Gressley agreed to pay the reasonable value for the work. When Patterson had completed the leveling and ditching, Griffith inspected the work and found the services had been performed in accordance with his plans except for minor corrections which should have required no more than half a day to complete. These corrections were required because of slight variances between his plan and the actual ground level.

■ Griffith prepared another plan showing the required corrections. Patterson made these corrections and billed Gressley for its services. Gressley made no complaint about the quality of the services until four months later, after Patterson had turned its bill over to a collection agency. The total reasonable value of all services and materials was $13,217.20, of which

Gressley had paid $4,000. In our opinion this evidence amply supports the trial court's judgment.

 Gressley complains that the evidence on the counterclaim was "undisputed and largely physical" and that the trial court's judgment was not supported by the evidence. We disagree. We believe the counterclaim and complaint were completely interdependent and the evidence on the primary issue was determinative of both claims. To reach its decision the trial court necessarily found that Patterson had met its burden of establishing that the work had been performed according to the contract. After reviewing the transcript we find there was a reasonable conflict in the evidence on this issue which the trial court resolved in favor of Patterson. When the trial court's necessary findings are based on a conflict in the evidence, they will not be disturbed on appeal. *O'Hern v. Bowling*, 109 Ariz. 90, 505 P.2d 550 (1973). The judgment must therefore be affirmed.

As part of its judgment, the trial court also awarded Patterson the sum of $900 as attorney fees, pursuant to the position of both parties that ARS § 12–341.01 should be applied to this action. That section, providing for the award of attorney fees in any contested action arising out of a contract, became effective during the pendency of this action. The 1976 Act adding this provision provided that it was effective September 1, 1976, and applied to any proceedings in court then pending ". . . except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application . . ." Laws 1976, Ch. 170, § 26. The "former procedure" with respect to attorney fees was that they were not allowed unless agreed to in the contract or authorized by a particular statute, neither of which was applicable in this case. However, in posttrial memoranda, both parties urged the trial judge to award attorney fees to the successful party, which was done, and that award has not been questioned on appeal.

 Patterson has asked that it also be awarded additional attorney fees for the appeal, pursuant to this statute. Gressley has not responded to this request. We believe that ARS § 12–341.01 applies to appeals as well as to trial court actions. Cf. *Amos Flight Operations, Inc. v. Thunderbird Bank*, 112 Ariz. 263, 540 P.2d 1244 (1975). According to the statute the award is to be made ". . . to mitigate the burden of the expense of litigation for a just claimant." Patterson has now prevailed both in the trial court and on appeal and has had considerable expense and delay (five years) to collect what has been held to be a just debt. The mandate in this case shall therefore include the award of an additional $1,000 in attorney fees to be paid to Patterson by Gressley.

The judgment is affirmed and Gressley is ordered to pay to Patterson an additional sum of $1,000 for attorney fees incurred in this appeal.

JACOBSON, J., and EUBANK, P. J., Department B, concur.