589 P.2d 36

**James C. STEPHENS, Plaintiff-Appellee-Cross Appellant,**

v.

**GREATER ARIZONA RANCHES, an Arizona Corporation, Defendant-Appellant-Cross Appellee.**

**No. 2 CA–CIV 2922.**

Court of Appeals of Arizona, Division 2.

Oct. 18, 1978.

Rehearing Denied Nov. 15, 1978.

Review Denied Dec. 12, 1978.

Price, Tinney, Lindberg & Gianas by William H. Tinney, Tucson, for plaintiff-appellee-cross appellant.

Murphy & Hazlett by Carl E. Hazlett, Tucson, for defendant-appellant-cross appellee.

OPINION

HATHAWAY, Judge.

Appellee Stephens brought this lawsuit for attorney's fees allegedly due him for work performed for appellant on two subdivisions in Pinal County. Appellant answered denying any money was due appellee and counterclaimed for malpractice. After trial to the court, sitting without a jury, the counterclaim was dismissed and appellee was awarded judgment in the sum of $11,267. Appellant's objections to the proposed findings of fact and conclusions of law were overruled and its motion for new trial was denied, hence this appeal and cross-appeal.

Appellant challenges the judgment raising the following issues: (1) whether the work was undertaken for a fixed sum and the charges for employment of an assisting attorney were unauthorized; (2) whether an attorney is entitled to additional fees after having been paid the specific sum he agreed to for handling the matter; (3) whether the fee was reasonable. We reject appellant's arguments.

The trial court found that appellee and the assisting attorney, Richard Block, had spent 221.5 hours of time. It found that appellant was not initially aware that Block was hired, but acknowledged his participation in the work, ratified the work he had

done, and accepted the ultimate benefit of that work.

Appellant argues that appellee agreed to a specific sum. The "specific sum" was an estimate based upon doing 10 subdivisions, and the total job was estimated at a certain amount per lot for the 10 subdivisions. Much of the work applied to all ten subdivisions, but when the work was allocated to only two subdivisions, the proportionate allocation per lot increased.

■■ The court's findings are not clearly erroneous and are supported in the evidence. The reasonableness of the fee is supported by the appellee's testimony, documentary evidence, and the testimony of another attorney expert in the field of subdivision work.

■ Appellee cross appeals contending that he should have been awarded attorney's fees in the action below. He claims that the trial court erred in concluding that it did not have jurisdiction to assess attorney's fees under A.R.S. Sec. 12–341.01. We agree. Laws 1976, Ch. 170, Sec. 26 provides:

"The provisions of this act shall become effective September 1, 1976. Except as provided elsewhere in this act on the effective date of this act:

1. This act applies to all provisional remedies thereafter commenced regardless of the time of the act or proceedings giving right to such provisional remedy.

2. This act applies to *any proceedings in court then pending* except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility or application of the procedure of this act." (Emphasis added)

This action was pending as of August 17, 1976, the date the complaint was filed. Rule 3, Rules of Civil Procedure, 16 A.R.S. The effective date applies to all remedies, not only to provisional remedies as appellant contends.

The judgment is affirmed as to the matters raised on appeal and the cause is remanded for a determination of whether to award reasonable attorney's fees to the appellee.

RICHMOND, C. J., and HOWARD, J., concur.