593 P.2d 302

USLIFE TITLE COMPANY of Arizona, an Arizona Corporation, as Trustee under Trust No. 391, USLIFE Realty Corporation, a Texas Corporation, Sierra Lakes Apartments Limited Partnership, a limited partnership, Dahlberg Industries, an Arizona Corporation, and El Paso Development Company, a Delaware Corporation, d/b/a The Lakes, a Joint Venture, Northwestern Mutual Life Insurance Company, a Wisconsin Corporation, Appellants,

v.

SOULÉ STEEL COMPANY, Appellee.

MERRITT ELECTRIC & AIR CONDITIONING, INC., an Arizona Corporation, Appellant,

v.

USLIFE TITLE COMPANY of Arizona, an Arizona Corporation, as Trustee under Trust No. 391, USLIFE Realty Corporation, a Texas Corporation, Sierra Lakes Apartments Limited Partnership, a limited partnership, Dahlberg Industries, an Arizona Corporation, and El Paso Development Company, a Delaware Corporation, d/b/a The Lakes, a Joint Venture, Northwestern Mutual Life Insurance Company, a Wisconsin Corporation, Appellees.

No. 1 CA–CIV 3677.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 25, 1979.

Rehearing Denied Feb. 22, 1979.

Review Denied March 13, 1979.

80

Jennings, Strouss & Salmon by Riney B. Salmon, II, Neil Vincent Wake, Phoenix, for appellants and appellees USLIFE Realty Corp., USLIFE Title Co. of Arizona, Sierra Lakes Apartments Limited Partnership, The Lakes, and Northwestern Mut. Life Ins. Co.

Engdahl, Jerman & Estep by Dean Estep, Phoenix, for appellant Merritt Electric & Air Conditioning, Inc.

Filler, Paytas, Shannon & Fleming, P.C. by Charles A. Filler, Scottsdale, for appellee Soulé Steel Co.

## OPINION

FROEB, Judge.

■ After the merits of this appeal were resolved by Memorandum Decision (filed May 30, 1978), the prevailing parties, US-LIFE Realty Corporation, USLIFE Title Company of Arizona, Sierra Lakes Apartments Limited Partnership, The Lakes, and Northwestern Mutual Life Insurance Com-

pany (collectively referred to as USLIFE) filed with this court a statement of costs which included a request for attorney's fees on appeal as costs recoverable pursuant to A.R.S. § 12–341.01. Attorney's fees in the amount of $6,721.00 have been requested against Soulé Steel Company and in the amount of $3,160.00 against Merritt Electric & Air Conditioning, Inc. We have decided to issue this opinion because the question raised involves the effective date of A.R.S. § 12–341.01. We hold that the statute does not apply to this case as the complaint was filed prior to September 1, 1976.

■ At the outset, it is important to note that attorney's fees are not costs. *Sweis v. Chatwin*, 120 Ariz. 249, 585 P.2d 269 (App. 1978). Nevertheless, attorney's fees which are recoverable by statute or contract may be claimed in the statement of costs on appeal. Arizona Rules of Civil Appellate Procedure, Rule 21(c).

Although several different arguments are presented concerning the applicability of A.R.S. § 12–341.01, we need concern ourselves only with whether attorney's fees may be awarded pursuant to A.R.S. § 12–341.01 in a case which was pending in court prior to the effective date of the statute.

A.R.S. § 12–341.01 was added by Laws 1976, Ch. 170, § 2. This act dealt primarily with the enactment of new procedures for the provisional remedies of attachment, garnishment, and replevin. The effective date provision for Laws 1976, Ch. 170, is Section 26, which reads:

The provisions of this act shall become effective September 1, 1976. Except as provided elsewhere in this act on the effective date of this act:

1. This act applies to all provisional remedies thereafter commenced regardless of the time of the act or proceedings giving right to such provisional remedy.

2. This act applies to any proceedings in court then pending except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in

---

the interest of justice or because of infeasibility of application of the procedure of this act.

USLIFE argues that the second paragraph of Section 26 authorizes the court to award attorney's fees in a case which was pending prior to the effective date of the statute.

Paragraph 1 of Section 26 states that the act, Laws 1976, Ch. 170, applies to all provisional remedies commenced after the effective date. A.R.S. § 12–2401(3) defines the term "provisional remedies" as "attachment, garnishment or replevin, but shall not include garnishment of wages." The term "provisional remedies" does not include attorney's fees; thus, paragraph 1 does not apply to this case.

Paragraph 2 states that the act applies to any pending proceedings, except where the court determines that the "former procedure" should be utilized. It is logical to conclude that reference in the second paragraph to pending proceedings means proceedings for provisional remedies. Furthermore, paragraph 2 refers to pending proceedings in terms of procedures. A.R.S. § 12–341.01 is not a procedural law. A.R.S. § 12–341.01 grants parties in contract actions a right to attorney's fees if they prevail in the action and if the court determines that the award of attorney's fees is appropriate. The section is substantive.

We hold, therefore, that the provisions of paragraphs 1 and 2 of Laws 1976, Ch. 170, § 26, do not apply to A.R.S. § 12–341.01 and do not provide a basis for the award of attorney's fees in this case. As earlier stated, A.R.S. § 12–341.01 is applicable only to cases filed after its effective date.[1]

For the foregoing reasons, it is ordered denying USLIFE attorney's fees claimed in the statement of costs. It is further ordered granting USLIFE costs on appeal in the sum of $1,047.78 against Soulé Steel Company. It is further ordered allowing USLIFE costs on appeal in the total sum of $93.00 against Merritt Electric & Air Conditioning, Inc.

DONOFRIO, Acting P. J., and HAIRE, J., concur.

---

[1]. Although Laws 1976, Ch. 170, § 26 purports to establish an effective date of September 1, 1976, there may be a question as to whether this legislation could be effective prior to September 23, 1976. See note following A.R.S. § 12–2401. We need not decide this question since the proceedings involved here were commenced prior to September 1, 1976.