607 P.2d 954

Gordon G. BOULDIN, Appellant,

v.

Charles B. TUREK and Gerry L. Jones, Appellees.

No. 13991–PR–2.

Supreme Court of Arizona, In Banc.

Nov. 6, 1979.

Mariscal, Weeks, McIntyre & Friedlander, P. A., by Gerald Gaffaney, Phoenix, for appellant.

Daughton, Feinstein & Wilson by R. Steward Halstead, Phoenix, for appellees.

GORDON, Justice:

The issue before this Court is whether A.R.S. § 12–341.01, providing for an award of attorney's fees to the successful party in a suit arising out of a contract, applies to suits commenced before the effective date of the statute but decided after the effective date. The two divisions of the Court of Appeals are in conflict on this issue, and we granted a petition for review pursuant to A.R.S. § 12–120.24, to resolve the conflict.

On January 15, 1976, Bouldin, the plaintiff, filed suit against Turek and Jones, defendants, to set aside a completed forfeiture by defendants of plaintiff's interest in certain real property. The action arose out of a contract of sale between the parties. On December 9, 1976, judgment was given for defendants. The judgment was subsequently affirmed by the Court of Appeals on August 15, 1978, and we denied plaintiff's petition for review on October 5, 1978. The effective date of A.R.S. § 12–341.01, as stated in the statute, was September 1, 1976.[1] On October 23, 1978, the Court of Appeals, Division One, issued an order denying defendants' request for attorney's fees provided by § 12–341.01, because that statute did not apply to suits already pending on its effective date. This order fol-

1. Because the statute does not include a duly enacted emergency clause, its effective date may have been September 23, 1976. This is not relevant to the present case.

lowed the holding of *USLIFE Title Co. v. Soule' Steel Co.*, 122 Ariz. 79, 593 P.2d 302 (App.1979), (*review denied*, March 13, 1979). A contrary result had been reached by Division Two in *Stephens v. Greater Arizona Ranches*, 121 Ariz. 162, 589 P.2d 36 (App. 1978), (*review denied*, December 12, 1978). We agree with the reasoning of the Court in *USLIFE, supra*, and we approve the order of the Court of Appeals in this case.

■ Any inquiry into the effect of a statute on antecedent events must have as its touchstone a consideration of A.R.S. § 1–244. That statute states simply that "[n]o statute is retroactive unless expressly declared therein." As in other jurisdictions, Arizona courts have engrafted an exception onto this general rule. Under the exception a statute does have retroactive effect if it is merely procedural and does not affect an earlier established substantive right. *See Allen v. Fisher*, 118 Ariz. 95, 574 P.2d 1314 (App.1977). In *Allen*, the Court of Appeals held that a rule affecting the measure of damages is substantive, and a change in the rule could not be applied to a pending action.

Keeping the above considerations in mind, we now examine the intent of the Legislature in this case. A.R.S. § 12–341.01 was enacted as Section 2 of Chapter 170, Laws of 1976. The title of Chapter 170 is as follows:

"ATTACHMENT, GARNISHMENT, AND REPLEVIN

"An Act relating to courts and civil proceedings; prescribing *procedures* for civil remedies . of attachment, garnishment and replevin; providing for recovery of attorney's fees in certain actions; * * *." (Emphasis added.)

As its title indicates, Chapter 170 mainly concerns the revision of the procedures for the provisional remedies of attachment, garnishment and replevin. The provision for the award of attorney's fees in a contract suit is a very small section in the act.

· The final section of Chapter 170 reads as follows:

"Sec. 26. *Effective date*

"The provisions of this act shall become effective September 1, 1976. Except as provided elsewhere in this act on the effective date of this act:

"1. This act applies to all provisional remedies thereafter commenced regardless of the time of the act or proceedings giving right to such provisional remedy.

"2. This act applies to any proceedings in court then pending except to the extent that in the opinion of the court *the former procedure* should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the *procedure of this act.*" (Emphasis added.)

■ Two considerations require the conclusion that paragraph 2 of Section 26 refers only to pending proceedings for provisional remedies and not to the recovery of attorney's fees in general contract suits. The first consideration is the use of the terms "former procedures" and "procedure of this act" in paragraph 2 of Section 26. Second, in the title of Chapter 170, provisional remedies are specifically designated as procedures, but the recovery of attorney's fees in general contract actions is not so designated. For these reasons, we believe that the Legislature did not consider A.R.S. § 12–341.01 to be procedural and did not intend that it have retroactive effect on pending actions. We also find, as a general rule, that a statute providing for an award of attorney's fees is similar in effect to one changing the measure of damages, as in *Fisher v. Allen, supra*. We agree with the Court of Appeals in *USLIFE Title Co. v. Soule' Steel Co., supra*, that such a provision is substantive and not procedural. We hold, therefore, that A.R.S. § 12–341.01 does not apply to suits commenced before its effective date. To the extent that *Stephens v. Greater Arizona Ranches, supra*, conflicts with this holding, it is hereby overruled.

■ Defendants also contend that, since plaintiff, in his objections to defendants' statement of costs, conceded that A.R.S. § 12–341.01 could be applied to pending actions, the Court of Appeals erred in denying attorney's fees, because the court found the statute to be inapplicable. Defendants rely on *Gressley v. Patterson Tillage & Leveling, Inc.*, 119 Ariz. 154, 579 P.2d 1124

(App.1978). The question before the court in *Gressley* was whether attorney's fees should be awarded on appeal in a suit pending on the effective date of A.R.S. § 12–341.01. This was answered in the affirmative. Although it is mentioned in *Gressley* that the parties had both urged the award of attorney's fees in post-trial memoranda, the issue of the trial court's award of attorney's fees was not raised on appeal and was not considered by the appellate court. The award of attorney's fees, when not provided for by contract, is purely statutory, and neither party, by statement or omission in court, can confer authority on a court to make such an award. To the extent that *Gressley* held that A.R.S. § 12–341.01 applied to actions pending on its effective date, it is hereby overruled. Whether the statute applies to attorney's fees on appeal in suits filed after the effective date is a question not raised in this case, and we express no opinion at this time.

The order of the Court of Appeals is approved.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.