633 P.2d 424

Paul M. FLORY and Vera Flory, husband and wife, Plaintiffs/Appellees/Cross Appellants,

v.

SILVERCREST INDUSTRIES, INC., a corporation; and Pacific Employers Insurance Company, a foreign corporation, Defendants/Appellants/Cross Appellees,

and

Char-Nanza, Inc., dba Alamo Mobile Homes, Defendant/Appellant/Cross Appellee.

No. 2 CA–CIV 3416.

Court of Appeals of Arizona, Division 2.

June 20, 1980.

Rehearing Denied Sept. 5, 1980.

Review Granted Sept. 23, 1980.

Thur & Preston by Calvin C. Thur, Scottsdale, for plaintiffs/appellees/cross appellants Flory.

Rosen & Schneider, Ltd. by Barry C. Schneider, Phoenix, for defendants/appellants/cross appellees Silvercrest and Pacific Employers Ins.

Robbins & Green, P. A. by Edmund F. Richardson and Gary E. Donahoe, Phoenix, for defendant/appellant/cross appellee Char-Nanza, Inc.

## OPINION

RICHMOND, Judge.

Appellees Paul M. Flory and Vera Flory, husband and wife, commenced an action for breach of warranty, intentional infliction of emotional distress, and fraud, arising out of their purchase of a mobile home. Defendants were the manufacturer, Silvercrest Industries, Inc., and its bonding company, Pacific Employers Insurance Company, and the retailer, Char-Nanza, Inc., doing business as Alamo Mobile Homes. During trial to a jury the court directed verdicts in favor of the defendants on the claim for intentional infliction of emotional distress and in favor of Silvercrest on the claim for fraud. The jury returned verdicts in favor of the Florys in the sum of $5,000 compensatory and $5,000 punitive damages against Alamo on the fraud claim, $20,000 compensatory damages against Alamo for breach of contract, $40,000 compensatory damages against Silvercrest for breach of warranty, and against Alamo on a counter-claim for a deficiency on the repossessed mobile home.

Subsequently the trial court awarded the Florys attorney's fees of $9,750 but granted the defendants a new trial on the issue of damages unless the Florys accepted compensatory damages of $21,500 and punitive

damages of $5,000. The Florys consented to the remittitur and the judgment for compensatory damages ultimately was amended to provide for an award of $19,846 jointly against Silvercrest and Alamo for breach of warranty and contract, and $1,654 against Alamo for fraud. The defendants perfected appeals from the judgment and the Florys a cross-appeal from that portion based on the directed verdicts and from the denial of their motion for new trial.

■ At the outset, the challenge of both Silvercrest and Alamo to the award of attorney's fees must be sustained. The trial court, apparently relying on this court's opinion in *Stephens v. Greater Arizona Ranches*, 121 Ariz. 162, 589 P.2d 36 (App. 1978), made the award pursuant to A.R.S. § 12–341.01 despite the commencement of the action nearly two years before the statute became effective on December 1, 1976. Our holding in *Stephens,* however, has since been expressly rejected by the supreme court in *Bouldin v. Turek*, 125 Ariz. 77, 607 P.2d 954 (1979). The statute providing for an award of attorney's fees to the successful party in a suit arising out of a contract has no application to suits commenced before its effective date but decided thereafter. *Id.*

Other questions raised by Silvercrest are (1) whether the Florys can recover for property damage or economic loss based on breach of an implied warranty in the absence of privity of contract; (2) whether Silvercrest's disclaimer of any implied warranty precluded such a recovery; (3) whether there was evidence that the mobile home was defective at the time it left the manufacturer which would support recovery from Silvercrest; (4) whether there was sufficient evidence of any defect amounting to a breach of warranty; and (5) whether a new trial should have been granted based on excessiveness of the verdicts, misconduct of counsel, and confusion over jury instructions and the forms of verdict. None presents reversible error.

The first question, whether lack of privity between the buyer and manufacturer precludes an action against the manufacturer for recovery of economic loss caused by breach of implied warranty, is one of first impression in Arizona. Although the Uniform Commercial Code removes privity as a requirement in personal injury actions as to a specified group of potential plaintiffs, A.R.S. § 44–2335, it does not address the question of privity in actions for economic loss including costs of repair and replacement of defective property which is the subject of the transaction, inadequate value, and consequential damages from loss of profits or use. The reason for the distinction permitting recovery based on strict tort liability for physical injuries and warranty recovery for economic loss has been clearly set forth in *Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965). In affirming an award of damages for economic loss based on breach of an express warranty, the Supreme Court of California said:

> A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. 45 Cal.Rptr. at 23, 403 P.2d at 151.

■ A number of jurisdictions require privity of contract in an action for breach of implied warranty to recover economic loss. *See, e. g., Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 544 P.2d 306 (1975). We believe, however, the better rule is the one adopted by a majority of the courts that have considered the question in recent years, permitting recovery for economic loss without regard to privity of contract between the manufacturer and the ultimate purchaser. *See, e. g., Morrow v. New Moon Homes, Inc.*, 548 P.2d 279 (Alaska 1976). We perceive no reason "for a remedial scheme which extends the warranty action to a consumer suffering personal injury or property damage but denies similar relief to the consumer 'fortunate' enough to suffer only direct economic loss." *Id.*, 548 P.2d at 291.

As pointed out in *Morrow*, the Uniform Commercial Code provides for limitation of the scope of a manufacturer's potential liability by use of a disclaimer. *See* A.R.S. § 44–2333. The latter section, however, does not support Silvercrest's argument based on disclaimer, because it requires that "to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." The printed Silvercrest warranty containing a purported disclaimer of any warranty of merchantability or fitness was not received until several months after the sales transaction and in fact after delivery of the mobile home. As such it could not have been "conspicuous" at the time the Florys entered into the contract but was merely a unilateral attempt to limit liability and therefore ineffective under the statute. *Mack Trucks of Arkansas, Inc. v. Jet Asphalt and Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (1969).

Silvercrest's arguments that there was insufficient evidence of any defect constituting a breach of warranty or that the mobile home was defective at the time it left the manufacturer are refuted by the testimony of witnesses called by both defendants regarding their attempts to remedy numerous defects acknowledged after delivery of the mobile home. That such defects existed at the time the product left the manufacturer may be established by circumstantial evidence alone. *Cf. Reader v. General Motors Corp.*, 107 Ariz. 149, 483 P.2d 1388 (1971) (reversing a directed verdict based on the lack of direct evidence that the defective condition producing injury was in being at the time the product left the hands of the seller).

Silvercrest's final argument for all practical purposes has been rendered moot by the trial court's remittitur. By ordering a reduction in damages, the trial judge determined that the verdict was not the result of passion or prejudice. *Alires v. Southern Pacific Co.*, 100 Ariz. 6, 409 P.2d 714 (1966). The instructions of which Silvercrest complains relate to lack of privity and evidence of a defect at the time the mobile home left the manufacturer, which have been discussed above. The forms of verdict, albeit confusing, *see King v. O'Reilly Motor Co.*, 16 Ariz.App. 518, 494 P.2d 718 (1972), were submitted without objection and any error therefore was waived. *See Montano v. Scottsdale Baptist Hospital, Inc.*, 119 Ariz. 448, 581 P.2d 682 (1978). Furthermore, the trial court by its remittitur order eliminated the possibility of duplicate recoveries from each defendant.

Additional questions presented by Alamo's appeal are (1) the sufficiency of the evidence of fraud, and (2) the propriety of instructing the jury on the Arizona Consumer Fraud Act, A.R.S. § 44–1521, et. seq. Neither merits reversal.

It was for the jury to decide whether the alleged misrepresentations regarding the availability of a particular brand of furnace, the fact that the mobile home would be built to special specifications rather than produced on an assembly line and would conform to Arizona construction standards, that it would be subject to inspection at the factory, that there would be a Silvercrest service center in Arizona, and that tile could be substituted for carpeting, were made by the dealer with knowledge of their falsity or in ignorance of their truth.

The only objection at trial regarding submission of instructions under the Consumer Fraud Act was based on untimeliness and lack of notice in that there was no reference to consumer fraud in the pleadings. The similarity of the claim for common law fraud, however, precluded any valid claim of surprise. On appeal Alamo for the first time argues that the Arizona act was inapplicable to pre-sale negotiations in California. Not having been presented to the trial court, the argument will not be considered on appeal. *Conner v. El Paso Natural Gas Co.*, 123 Ariz. 291, 599 P.2d 247 (App.1979).

The Florys on their cross-appeal challenge the reduction in damages in the conditional order for new trial, as well as the directed verdicts and denial of their motion for new trial. We find no error. We do not agree, however, with Silvercrest

and Alamo that failure to specify the remittitur in the Flory's notice of cross-appeal precludes appellate review. Perfection of the cross-appeal alone is deemed to revoke the consent to a decrease or increase in damages under 16 A.R.S. Rules of Civil Procedure, rule 59(i)(2). Reliance by Silvercrest and Alamo on *Waqui v. Tanner Brothers Contracting Co., Inc.*, 121 Ariz. 323, 589 P.2d 1355 (App.1979), is misplaced. In that case the accepting party on its cross-appeal never challenged an additur and this court refused to apply the rule to afford a new trial on damages.

In the present case, the verdicts for compensatory damages far exceeded the amount supported by the evidence. The remittitur apparently took into account a total of $23,000 in property damage claimed by the Florys, less $1,500 recovered by them from a third party, and allocated a portion of the reduced damages to the fraud claim as a basis for the award of punitive damages against Alamo. A motion to amend the complaint and a requested instruction on damages for personal injuries were properly denied, based on answers to interrogatories negating any such claim. The record thus supports the conditional order of new trial on the issue of damages only, and we find no basis for reinstatement of the jury verdicts.

There was no evidence of any representation by Silvercrest inducing the purchase of the mobile home, hence no basis for submitting the claim of fraud against Silvercrest to the jury. Likewise, the court properly directed verdicts for both defendants on the claim for intentional infliction of emotional distress. While they argue in their briefs on the cross-appeal that their age and physical condition rendered them peculiarly susceptible to emotional distress, the Florys do not point to any evidence precluding a directed verdict on that claim.

The judgment in favor of Silvercrest on the claims for fraud and intentional infliction of emotional distress and in favor of Alamo on the latter claim is affirmed. The order conditionally granting a new trial to the defendants solely on the issue of damages is affirmed, and the plaintiffs' consent to the decrease in damages being deemed revoked by their cross-appeal, the case is remanded for a new trial solely on the issue of damages against Silvercrest and Pacific Employers Insurance Company for breach of warranty and against Alamo for breach of contract and fraud.

HATHAWAY, C. J., and HOWARD, J., concur.