638 P.2d 223

Robert L. SEEKINGS and Ida F. Seekings, Husband and Wife, Plaintiffs/Appellees/Cross Appellants,

v.

JIMMY GMC OF TUCSON, INC., dba Jimmy Recreational Center; and Beaver Coaches, Inc., Defendants/Appellants/Cross Appellees.

No. 2 CA–CIV 3638.

Court of Appeals of Arizona, Division 2.

March 12, 1981.

Rehearing Denied May 13, 1981.

Review Granted June 9, 1981.

Alpert & Fein, P. C. by James A. Fein, K. C. Stanford, Tucson, for plaintiffs/appellees/cross appellants.

Johnson, Dowdall & Payne by Tanis A. Duncan and Richard J. Dowdall, Tucson, for defendant/appellant/cross appellee Jimmy GMC of Tucson, Inc.

Bilby, Shoenhair, Warnock & Dolph, P. C., by Dwight M. Whitley, Jr., Tucson, for defendant/appellant/cross appellee Beaver Coaches, Inc.

BIRDSALL, Judge.

This case involves the sale of a Beaver motor home to appellees Seekings. They filed a complaint alleging breach of contract, breach of express warranty, breach of implied warranty, fraud and consumer fraud. Upon request the trial court made findings of fact and conclusions of law. As relief appellees sought a declaration that appellant Jimmy GMC of Tucson, Inc. (Jimmy) had breached its contract of sale and that a contract be rescinded with resulting consequential and incidental damages. In the alternative appellees prayed for compensatory damages for breach of warranties from both appellants. They also prayed for punitive damages but none were awarded and that issue is not before us.

At the conclusion of the court trial appellees elected to seek rescission.[1] The trial court found that there were continuing and material defects in the unit which appellants, Jimmy and Beaver Coaches, Inc., and each of them, had been unable to cure. Further that there had been a revocation of acceptance and that appellants had jointly sold a defective product to appellees who were entitled to rescission. The court also awarded appellees incidental and consequential damages consisting of the trade in allowance for appellees' former motor home, monies paid on the purchase price and certain warranties not included in the sale, and payments of licensing fees made by appellees. These damages totalled $14,-885.10 and judgment was entered against appellants jointly and severally for that amount and attorney's fees.[2] Appellants were further ordered to hold appellees harmless on their financing obligation on the unit.

Both appellants have appealed from the judgment. Appellees have filed a cross appeal contending that the trial court erred in not awarding them "loss of use" damages and that attorney's fees awarded them were inadequate. The trial court allowed them $3,465.00 for their attorney's fees. They do not question this allowance insofar as it covers services through trial but contend they are entitled to an additional allowance for services in post-trial matters in the trial court. All parties seek attorney's fees in this court.

We will comment upon the facts further as necessary while discussing the issues. Aside from attorney's fees we believe there is only one issue between appellant Beaver and appellees which we need to address.

■ Is the purchaser of a motor home entitled to rescission and resulting consequential damages from the manufacturer where the unit was purchased from a retail dealer? We hold that he is not.

Although we held in *Flory v. Silvercrest Industries, Inc.,* Ariz., 633 P.2d 424 (1980)[3] that despite a lack of privity between the buyer and manufacturer the manufacturer is liable to the buyer for damages resulting from a breach of implied warranty, that is not the issue now before us.

1. Appellees were properly ordered to make an election, *Beauchamp v. Wilson,* 21 Ariz.App. 14, 515 P.2d 41 (1973).

2. Even though neither the complaint nor the pretrial statement sought rescission against ap-

pellant Beaver this issue was apparently tried in this equitable action without objection.

3. Review has been granted by the supreme court on September 23, 1980.

We recognize that the trial court found that the manufacturer *sub judice*, "Beaver", jointly sold this unit to appellees but we find this conclusion wholly unsupported by the evidence. The motor home was sold by appellant Jimmy, a retail dealer of recreational vehicles in Tucson, to appellees and was an ordinary retail transaction. Appellant Beaver manufactured the coach portion of the unit and fitted it into the cab and chassis of a Dodge truck. It fabricated and furnished all of the "living unit" of the motor home. It then sold it to Jimmy in the regular course of their business for re-sale by the dealer. Beaver issued a written "Limited One Year Warranty" on the unit which was delivered to appellees by Jimmy at the time of the sale. Repairs and replacements under that warranty were to be made by authorized centers. Jimmy was such an authorized center and did attempt repairs on the unit for appellees on behalf of Beaver on several occasions after the sale.

There were no contacts between appellees and Beaver until long after the sale when appellees' then attorney wrote Beaver concerning the complaints about the unit and Beaver replied. Later the attorney notified Beaver that appellees were revoking acceptance of the unit. The only theory by which Beaver could be found to be a seller is agency. There are no facts to support a conclusion that Jimmy acted as the agent of Beaver in the sale of the unit. Jimmy was Beaver's agent only for the purpose of delivering Beaver's warranty and servicing the unit.

Although this appears to be a case of first impression in Arizona and *Durfee v. Rod Baxter Imports, Inc.* (Minn.), 262 N.W.2d 349 (1978) is contrary authority, we are persuaded by the well-reasoned opinion in *Conte v. Dwan Lincoln-Mercury, Inc.*, 172 Conn. 112, 374 A.2d 144 (1976). In that case the buyer brought an action against both the dealer-seller and the manufacturer on the same theories as the case *sub judice*. The Supreme Court of Connecticut set aside a verdict against the manufacturer on the theory of rescission. It found, as we do here, that there was no evidence that the manufacturer either sold or contracted to sell the automobile. The court quoted from the Restatement of Agency as follows:

> "[N]ormally dealers in new automobiles, although commonly spoken of as agents, are purchasers from the manufacturers, their only attribute as agents being authority to extend to the purchasers from them the limited warranty of the manufacturers." Restatement (Second), 1 Agency § 14J, comment e; 1 Williston, Sales (4th Ed.) § 2–1.

*See also Voytovich v. Bangor Punta Operations, Inc.*, 494 F.2d 1208 (6th Cir. 1974).

The issues as to appellant Jimmy are different. Jimmy does not dispute that under A.R.S. 44–2371 the buyer may revoke his acceptance of the motor home within a reasonable time if its non-conformity substantially impairs its value to him and such non-conformity has not been seasonably cured. In other words, the seller (Jimmy) does not argue that the buyer may not be entitled to rescind provided that he comes within the statute and that the seller is bound by an implied warranty of merchantability or fitness for a particular purpose as to which there has not been an effective disclaimer. *See* A.R.S. 44–2331. Appellant Jimmy argues, however, to have disclaimed effectively all warranties other than the manufacturer's in accordance with A.R.S. 44–2333(B) which states:

> "Subject to subsection C, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description of the face hereof'."

The purchase order signed by appellees contained a disclaimer of warranties in red, large case lettering which was conspicuously placed on its face. The disclaimer read:

**4**

"DISCLAIMER OF WARRANTIES

The seller, hereby expressly disclaims all warranties, either express or implied, including any implied warranties of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said product."

Appellee's signature was placed on a signature line provided for that purpose. In addition after the purchase order was signed appellees also signed a Purchase Money Security Agreement which contained the following additional disclaimer:

"SELLER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

All warranties, if any, by a manufacturer or supplier other than seller are theirs, not seller's and only such manufacturer or other supplier shall be liable for performing under such warranties. BUYER SHOULD OBTAIN FROM SELLER A COPY OF ANY WARRANTY OR SERVICE CONTRACT OFFERED AS PART OF THIS CONTRACT."

These documents were each signed on May 1. Copies were delivered to appellees together with the Beaver Warranty and owner's manual, a separate 5-year service contract, the Dodge warranty and owner's manual on May 6. Appellees also took delivery of the motor home on that date.

There is no question that these disclaimers complied with the statute and we so find. *See Beauchamp v. Wilson*, 21 Ariz. App. 14, 515 P.2d 41 (1973).

■ The appellee argues that he did not read the documents including the disclaimers before signing. In the absence of fraud one is bound by what he signs. *Apolito v. Johnson*, 3 Ariz.App. 232, 413 P.2d 291 (1966).

However, the trial court found the disclaimers to be "unconscionable" and pursuant to A.R.S. 44–2319 refused to give them any effect. This statute provides:

"Unconscionable contract or clause.

A. If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

B. When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

Therefore the first issue between appellant Jimmy and appellees is:

Were the seller's disclaimers of warranty unconscionable under the facts of this case?

■ Since this is properly a conclusion of law we must examine the trial court's findings and the record in the light most favorable to appellees. The trial court properly permitted appellees to present evidence as to the commercial setting at the time of the sale, *Raybond Electronics, Inc. v. Glen-Mar Door Manufacturing Co.*, 22 Ariz.App. 409, 528 P.2d 160 (1974), and made the following findings in that regard:

"(1) Sometime prior to May, 1977, the Plaintiffs owned and maintained for their own personal use, a 28-foot long recreational vehicle and decided that they desired a smaller vehicle. On April 28, 1977, the Plaintiffs signed a contract for the purchase of a 21-foot Four Winds recreational vehicle with Defendant, JIMMY RV, which the Plaintiffs refused to accept upon delivery because the vehicle would not start.

(2) Prior to, or concomitant with the signing of the contract for the Four Winds Vehicle, the Plaintiff signed

the title over to JIMMY RV of their original recreational vehicle as a down payment and was allowed $5,800.00 for this unit.

(3) Upon refusal of the Four Winds RV, the Plaintiffs asked for the return of their own vehicle and were advised that the vehicle had been disposed of.

(4) On April 21, 1977, the Plaintiff returned to JIMMY RV, at the latter's urging, in an effort to find another vehicle to their liking and decided to buy a recreational vehicle manufactured by BEAVER COACHES, INC. (Beaver, R.V.) which is the subject matter of this litigation, which was described to the Plaintiffs as the "top of the line" by a Mr. Rogowski, the authorized salesman for Defendant, JIMMY RV."

From these findings the trial court apparently concluded the appellant's disclaimer of an implied warranty of fitness was unconscionable because appellees had been placed in an allegedly untenable position. If appellant Jimmy had taken advantage of appellees' inferior bargaining posture then we might also be persuaded to that conclusion. However, the record shows the sale documents containing the disclaimers were no different than those which would have been used for any other transaction with any other purchaser. In order to be unconscionable because of the disadvantage in positions the other party must necessarily take advantage of that situation. *Wille v. Southwestern Bell Telephone Company,* 219 Kan. 755, 549 P.2d 903 (1976). *See also Raybond Electronics, Inc. v. Glen-Mar Door Manufacturing Co.,* supra. Mere disparity of bargaining power alone does not warrant a finding that a contract is unconscionable. *Lamoille Grain Co., Inc. v. St. Johnsbury and Lamoille County Railroad,* 135 Vt. 5, 369 A.2d 1389 (1976). Unconscionability involves overreaching—using contract terms which are unreasonably favorable to the other party. When a buyer would have been unable to purchase from another seller without subjecting himself to like terms, the contract terms are not unconscionable. *Equitable Lumber Corp. v. IPA Land Development Corp.,* 38 N.Y.2d 516, 344 N.E.2d 391, 381 N.Y.S.2d 459 (App. 1976).

We are not persuaded that the sale to appellees was under such conditions at the time of the contract that the disclaimers were unconscionable and we find that they were not. This result is not harsh. Even if the record supports the trial court's finding that the motor home was a defective product we note that appellees had manufacturer's warranties (from Beaver and Dodge). On twelve separate occasions Jimmy performed warranty work on appellees' coach. Since the trial court found a breach of these warranties appellees were entitled to recover as damages the difference in value between the unit as warranted and its actual value. Instead they elected rescission and having made that election were bound by it.[4]

We hold that the written disclaimers were not unconscionable and appellees, being bound by the terms of the written contract, had no implied warranty of merchantability or fitness for a particular purpose from appellant seller, Jimmy.

Since appellees had no such warranty there has been no breach and the revocation of acceptance was not justified under A.R.S. 44–2371.

We need not consider any other issues raised on appeal.

We reverse the trial court and direct that judgment be entered in favor of both appellants against appellees including taxable costs and attorney's fees at the discretion of the trial court.

HATHAWAY, C. J., and HOWARD, J., concur.

---

4. Appellees may well have made this election because the record contains no evidence on the measure of damages for breach of warranty.