644 P.2d 288

**M & O AGENCIES, dba Mahoney-O'Donnell Agency, an Arizona corporation, Plaintiff/Appellee,**

v.

**James A. SAWYER and Virginia Ann Sawyer, husband and wife, dba James A. Sawyer, P. C., Defendants/Appellants.**

**No. 2 CA–CIV 4171.**

Court of Appeals of Arizona, Division 2.

April 1, 1982.

Norman R. Freeman, II, Tucson, for plaintiff/appellee.

Stephen Paul Barnard, Tucson, for defendants/appellants.

OPINION

BIRDSALL, Judge.

This appeal is from a judgment awarded the plaintiff-appellee insurance agency for an unpaid premium for malpractice insurance covering the defendant-appellant osteopath, Dr. James A. Sawyer. The charge for the premium was $1,456. The judgment was for $1,406.44, since a payment of $400 had been made by the appellant on account and since statutory interest from the date of first billing to the date of judgment is included. The judgment also included $1,566 attorney fees for plaintiff-appellee's attorney and pre-judgment interest.

The appellant contends he did not order the insurance and that the awards of pre-judgment interest and attorney fees were erroneous. We affirm.

The appellant practiced in a professional corporation with Dr. Lund until the summer of 1974. They were insured through the appellee agency. When the appellant left the corporation, he contacted the appellant for insurance coverage for himself. To obtain this coverage he made written application for malpractice insurance, and a policy was issued with coverage beginning in October, 1974. This policy did not cover claims arising from his prior practice with Dr. Lund. The appellee was aware of this and discussed it with the

appellant, who desired this additional coverage and agreed to purchase it. An addendum to his malpractice policy was issued providing this "tail coverage." Later a separate policy was written. It is the premium for this tail coverage which is disputed.

The appellant first objected to this charge when he learned that Dr. Lund did not have to pay for similar coverage, since he had kept the original insurance which covered the professional corporation. As a result of this objection, the appellee contacted the insurance carrier and even attempted to have the tail coverage cancelled, to no avail.

This was a court trial—no findings were requested or made. Although the appellant did not remember ordering the tail coverage, there is ample evidence that he did. Since there is more than sufficient evidence to support the trial court, we must affirm. *Myers-Leiber Sign Co. v. Weirich*, 2 Ariz. App. 534, 410 P.2d 491 (1966).

The appellant's disagreement with the allowance of interest from the date of billing for the tail coverage and attorney fees arises from the fact that the trial was on an appeal from an arbitration award in favor of Dr. Sawyer. He argues that since he won the first round neither interest nor attorney fees should be allowed until the appellee's ultimate victory on the appeal. Although novel, this argument has no legal basis. Nor does the appellant cite authority in support of the contention. The court trial was de novo on law and on fact. Rule 7(c), Uniform Rules of Procedure for Arbitration, 17A A.R.S. Since the charge for the premium was a liquidated amount, interest commenced from the date of billing. *Arizona Title Insurance & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486, 484 P.2d 639 (1971). The attorney fees were allowed pursuant to A.R.S. § 12–341.01 since this was an action arising out of contract. The trial court properly considered all necessary legal services performed for the appellee from the inception of the litigation. The fact that the arbitrator found in appellant's favor does not affect, in any way, the amount to be awarded. This is

unlike an award of attorney fees on appeal in this court or the supreme court where it is necessary to determine which party was successful, or prevailed, on the appeal. *See Gressley v. Patterson Tillage & Leveling, Inc.*, 119 Ariz. 154, 579 P.2d 1124 (App.1978). For all purposes on this appeal, it is just as if the arbitration never happened, except that it undoubtedly necessitated additional legal services for both parties.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.