673 P.2d 316

Billy J. BOULWARE and Elga Boulware, Plaintiffs/Appellants,

v.

Arturo CARBAJAL, Defendant/Appellee.

No. 2 CA–CIV 4757.

Court of Appeals of Arizona, Division 2.

Sept. 13, 1983.

Review Denied Dec. 13, 1983.

---

J. Michael Tully, Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee.

## OPINION

HOWARD, Chief Judge.

Jones Boulevard in Tucson runs north and south and forms a T intersection with 22nd Street which runs east and west. On February 9, 1980, appellant Billy J. Boulware was crossing 22nd Street at the T intersection when he was struck by a car driven by appellee. The case was tried to a jury which returned a defense verdict. The only issue is whether the trial court erred in refusing appellants' jury instructions informing them that appellant was in an unmarked crosswalk at the time of the accident, thus requiring appellee to yield the right-of-way.

The issue turns on whether or not the 1981 amendment to A.R.S. § 28–602(2)(a), should be given retroactive effect. We do not believe that it should and affirm.

Prior to 1981 A.R.S. § 28–602(2)(a) defined an unmarked crosswalk as:

"That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway."

*Kauffman v. Schroeder,* 116 Ariz. 104, 568 P.2d 411 (1977), held that A.R.S. § 28–602(2)(a) plainly required that there be an intersection and sidewalks on the opposite sides of the highway and that:

"... Since the 'T' intersection here did not have a sidewalk on the 'opposite side' of the highway, there are no lateral lines to 'connect' to each other in order to form an unmarked crosswalk...." 116 Ariz. at 106, 568 P.2d 411.

The court then held that the intersection did not have an unmarked crosswalk at the point of the accident. After the *Kauffman* case and after Mr. Boulware's accident, the legislature amended the statute and defined an unmarked crosswalk as follows:

"That part of a roadway at an intersection included *within the prolongations* or connections of the lateral lines of the sidewalks on opposite sides the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway." (Emphasis added.)

In *Boldin v. Turek,* 125 Ariz. 77, 607 P.2d 954 (1979), the court stated:

"Any inquiry into the effect of a statute on antecedent events must have as its touchstone a consideration of A.R.S. § 1–244. That statute states simply that '[n]o statute is retroactive unless expressly declared therein.' As in other jurisdictions, Arizona courts have engrafted an exception to this general rule. Under the exception a statute does have retroactive effect if it is merely procedural and does not affect an earlier established substantive right...." 125 Ariz. at 78, 607 P.2d 954.

It is clear that the statutes with which we are concerned affect substantive, and not merely procedural, rights. Therefore,

the trial court was correct in not giving appellants' requested instructions.

Relying on the cases of *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964) and *Police Pension Board of City of Phoenix v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965), appellants contend that the amendment to the statute merely construed and clarified the statute and should be accepted as a legislative declaration of the intent of the original statute. We find those cases to be inapposite. The original statute was plain and unambiguous. The amendment did not clarify the statute, it broadened it. The minutes of the senate committee on transportation of Wednesday, March 4, 1981, clearly show this:

"Jim Raynak, Senate Analyst, explained that the bill broadens the definition of a 'crosswalk'. Under the new definition an unmarked crosswalk can exist at a 'T' intersection whereas the current definition of crosswalk requires sidewalks on the opposite sides of the roadway. The bill also makes other conforming changes.

Senator Hill moved S.B. 1201 with a do pass recommendation. Motion carried by a roll call vote of 8–0–1."

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.